PATTERSON vs. BLOSS ET AL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE
DISTRICT PRESIDING.

In a contract for the alienation of lands and improvements, on failure of the
vendee to comply, parole evidence is inadmissible to prove the noncom-
pliance and damages resulting therefrom to the vendor.

He who claims damages for the inexecution of a contract, must prove that it
was actually entered into, in the same manner and by as high evidence as
if it required a specific performance.

Parole evidence, in a claim for damages on failure of the vendee to comply
with a contract for real property, is inadmissible even as a beginning of
proof.

The plaintiff sues the defendants for the specific perfor-
mance of a contract, and for damages in delaying to perform
it.   He alleges the defendants contracted with him for a lot,
store and warehouse, in the Dutch Prairie in the parish of
St. Mary, for the sum of one thousand eight hundred dollars,
payable in three instalments; that he delivered, and the
defendants took possession of the premises about the 12th of
March, 1831.   He states that soon afterwards he applied to
defendants for their negotiable, endorsed notes, payable at
the several periods agreed on, and tendered them the title

deeds to the property, all which they refused. About the 29th of July of the same year, he made, through his agent, a similar proposition to receive their notes and execute title deeds, which was again refused. He further states, that he has lost considerably by relinquishing a profitable mercantile business and selling his said property to the defendants; and also, by the depreciation of property, loss of rent, and the use of the notes he was to receive for said property. He prays that they be compelled to abide by, and complete their contract according to agreement, and pay one thousand dollars in damages, &c.

The defendants plead a general denial. On the trial, "the plaintiff, under the decision of the court, restricted his claim to damages for the nonperformance of the contract." The plaintiff offered a letter from Dr. Field, one of the defendants, in evidence to the jury, to support his claim to damages, which was objected to by defendants' counsel, but admitted by the court, and a bill of exceptions taken. In the bill of exceptions is the following note: "The plaintiff abandoned all claim to the specific execution of the contract, and claimed only damages for not carrying it into execution, and it was admitted only as evidence to prove his said claim to damages."

A bill of exceptions was taken to the decision of the court allowing the plaintiff to prove the sale to the defendants, by parole testimony, "as not being the legal manner of proving the transfer of real estate."

Another bill of exception was taken to the opinion of the court in allowing a witness to be recalled to explain his testimony, after arguments of counsel had commenced, and the testimony first given, taken down in writing.

The plaintiff proved, by parole testimony, the sale by him of the lot, store and warehouse, in Dutch Prairie, to defendants, and that they occupied and did business, as merchants, on the premises. He showed a letter of attorney appointing T. E. Ives his agent to demand and receive from defendants the notes for the property, and to tender them title deeds to the same. Mr. Ives's testimony showed that he offered to

fulfil the contract on the part of the plaintiff, which was refused by defendants. The defendants, after occupying plaintiff's property for some months, left it and built a store within twenty-five yards of it. The price of rents and property had fallen since.

There was a verdict and judgement for plaintiff for two hundred dollars in damages. After an ineffectual attempt to obtain a new trial, the defendant appealed.

*Brownson,* for the plaintiff:

1. The only question in this case arises on the admissibility of parole evidence to prove the nonperformance of a contract for immovable property. The plaintiffs having elected to proceed on their claim for damages had a right to introduce parole evidence to show the amount of damages sustained by the nonperformance of the contract.

2. The defendants having obtained possession of the plaintiff's property by false pretences, are liable in damages. Parole evidence is always admissible to prove damages resulting from misconduct or the nonperformance of engagements contracted.

*Garland,* for the defendants:

1. We contend that the letter of Dr. Fields, one of the defendants, is inadmissible evidence in this cause; it cannot be received as a commencement of proof in writing to prove a contract in relation to the sale and transfer of real property. The commencement of proof in writing is not recognised by the Louisiana Code. *Old C. Code, p.* 310. *L. Code, art.* 2255.

2. Parole evidence is inadmissible to show that the contract for the lot and house was actually made, or to prove any other fact relating to the making of such contract, which would be allowing parole evidence to prove a contract for the transfer of real estate, which cannot be done. *L. Code,* 2255. 3 *Mar. N. S.* 424.

3. The District Court erred in permitting a witness to be examined after the argument of the cause commenced, when his testimony had been previously taken down by the clerk. *C. Pr.* 484, 601.

4. The defendants were not put in default before bringing suit, in the manner required by law.

5. They are charged with a passive violation of the contract, which requires that they should be put in default before a recovery can be had. *L. Code,* 1927. 6 *Mar. N. S.* 229. 3 *Lou. Rep.* 97.

6. The mode pointed out by law to put the party in default, is found in the *Lou. Code, art.* 1905—7. *C. Pr.* 410—12.

7. When a contract is to be reduced to writing, either párty may retract before the written agreement is signed, though possession of the property is previously given. 1 *Mar. N. S.* 430.

MARTIN, J., delivered the opinion of the court.

The plaintiff, who in his petition had claimed the specific performance of a sale of land and damages for its nonexecution, after the jury were sworn and under the direction of the court, restricted his claim to damages for the nonperformance of the contract. There was a verdict and judgement for the plaintiff, and the defendants appealed after an unsuccessful attempt to obtain a new trial.

It appears to us the jury erred. The contract was for the alienation of land, and the plaintiff did not offer any written evidence of it, although it was denied by the answer. His counsel has contended that as damages only are claimed, and not the performance of the contract, parole evidence is sufficient. Such a distinction cannot be admitted. The law requires that every contract for the alienation of land be reduced to writing, and forbids the admission of parole evidence of it. There is, however, an exception to it, but the present case is not within it. *Lou. Code,* 2255.

He who claims damages for the inexecution of a contract, must prove that it was actually entered into, in the same

48

WESTERN DIS.    manner as if it required the specific performance of it.    The
  *Sept.* 1832.    introduction of parole evidence has, however, been attempted
MINOR'S HEIRS    to be claimed, on the ground of some beginning of proof.
  *vs.*            Whatever may have been the law in regard to the faculty of
  HARDING.
required a spe-  introducing parole evidence, after offering a beginning of
cific    perfor-  proof in writing, our present codes are absolutely silent in
mance.
  Parole  evi-   this regard; and the former part of our jurisprudence must
dence,  in    a   share the fate of the legal provisions existing before the new
claim for dam-  codes of which they make no mention.
ages, on failure
of the vendee
to      comply
with a contract
for  real  pro-      It is, therefore, ordered, adjudged, and decreed, that the
perty, is inad-  judgement of the District Court be annulled, avoided, and
missible  even
as a beginning   reversed, and that there be judgement for the defendants as
of proof.        in case of a nonsuit, with costs in both courts.