## BRADFORD *v.* COOK, Tutor.

4   229
48 1084

There can be no ratification where there is no title.

One who had been a probate judge cannot, after he has ceased to hold the office, authenticate a sale made by him when in office.

Parol evidence is inadmissible to prove a title to real estate.

The receipt by the tutor of a portion of the price of land belonging to minors, can never be construed into a ratification of a sale, to their prejudice.

Parol evidence, inadmissible to prove a title to real estate, cannot be received to prove the nature of the possession of a party, in order to establish that, as a possessor in good faith, he was not liable for rent, and entitled to recover the value of his improvements. Where questions of title arise in actions for damages the proof required is the same as in petitory actions.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *Lacey* and *Muse*, for the appellant. *A. M. Dunn*, for the defendant. The judgment of the court (*King*, J. absent,) was pronounced by

ROST, J. The plaintiff married the widow *Atkins*, whose children by her former marriage are the defendants in this suit. Shortly after the death of his wife, he instituted proceedings in the Court of Probates for the purposes: 1st,

BRADFORD
v.
COOK.

Of withdrawing from the succession his separate property and rights. 2d. Of settling the community which had existed between him and his late wife. 3d. Of making a partition of the property of the succession, among the heirs of both marriages. He alleged that he had expended $5,000 for the use of the community, and prayed that a final partition be made judicially of the several estates and interests; that the court direct the mode thereof; and that the tutor be condemned to abide the sentence therein to be rendered; that the petitioner, in his own right, have judgment for the amount of his claim against the community; that there be a settlement of said community, and a partition of the succession between the children of the two marriages. The tutor, in behalf of the minors, denied the claim of *Bradford*, and united with him in his prayer for a final settlement and partition of the succession. A judgment was rendered by the Court of Probates disallowing the claim of *Bradford*, on the ground that it was not sustained by legal evidence, settling the other questions at issue, and ordering that the partition of the property should be made in kind, if practicable. This decree was acquiesced in, and is now final.

A motion was subsequently made by *Bradford* to have the decree referred to a notary, and he submitted and filed with his motion an account, which he alleged the notary was to consider before forming the lots, it being for monies expended for the use of the community, and amounting to the sum of $2,918 74.

At this stage of the proceedings, two of the heirs of *Emeline Cook*, viz: *Mary Mathilda*, at this time married to and aided by her husband *Henry H. Haines*, and *Tabitha Ann*, aided by *Adville Atkins*, her husband, filed their oppositions to the demand of *Bradford*, for various reasons hereinafter mentioned. Subsequently, *Clarissa B. Atkins*, aided and assisted by her husband, *Ballard*, made herself a party to said opposition. They averred, in their opposition, that all matters in contestation between them and the plaintiff had been settled by a final judgment, and that his demand and account could not again be considered. They further averred that, if the decree of the Probate Court was not conclusive as to those claims, they were not valid nor chargeable to the community. The opponents further averred that, subsequently to the rendition of the decree, the plaintiff had been in possession of a tract of land belonging to the community; that his pretended claim to it was fraudulent and unsupported by title. They prayed that the judgment of the Court of Probates might be enforced; the land divided in kind, and the plaintiff made to pay rent for its use and occupation, being a possessor in bad faith.

On this opposition, an order was granted for a stay of proceedings before the recorder,* and the whole matter was returned by that officer to the District Court, for its decision. The plaintiff then filed an answer to the opposition, averring that the experts appointed under the decree of the Court of Probates to decide whether the land was susceptible of division in kind, had reported that it was not, whereupon it had been sold by order of the probate judge, and he had become the purchaser, at a public judicial sale. He further averred that, after the adjudication, the heirs of *Emeline Cook*, defendants in the suit, had acquiesced in, sanctioned, and ratified the proceedings by their legal representatives; that the claims set forth in his account were legal and valid, and that no judgment had ever passed upon them. He finally resisted the pretensions of the defendants for the rent of the land, and averred that he had purchased the same in good

---

* The notary to whom the decree was referred having declined to act, the recorder of the parish was substituted for him.

faith and paid for it the sum of $800; that he had put upon it improvements worth $2,500; and, in case the sale was rescinded, he prayed that he might recover of the defendants the sum of $800, with interest, and $2,500 for improvements.

BRADFORD
v.
COOK.

The District Court sustained the plea of *res judicata*. It also considered that the formalities required by law had not been complied with in the pretended sale of the land, and that it must be restored to the community, and enter into the partition to be affected by the notary. It further held that *Bradford*, being without title, must pay rent. The plaintiff has appealed from this judgment.

The plea of *res judicata* was correctly sustained. All matters of accounts between the plaintiff and the defendants were put at issue in the original suit, and the plaintiff asked a final settlement of the community. The accounts now filed by him bear a date anterior to the institution of that suit, and being for the same object, must be held to have formed part of the sum originally claimed by him. It is urged that the judgment relied on cannot sustain the plea of *res judicata*, because the Probate Court was without jurisdiction to render such a judgment. Courts of Probates had jurisdiction to decide suits on claims for money which were brought against successions. C. P. 924, § 13. The argument that the thing adjudged does not exist, because no evidence was offered on the former trial in support of the plaintiff's claim, is, we apprehend, untenable after the rendition of a final judgment rejecting it. But, moreover, we have no means of ascertaining what evidence was adduced before the Court of Probates, and we are bound to presume that the judge decided correctly.

The next ground upon which the reversal of the judgment is asked is, that the title of the plaintiff to the land in controversy should have been considered valid, and that the property should not have been restored to the community. In presenting this point to our consideration, the plaintiff's counsel admits that the proceedings had in the Court of Probates for the sale of the land are full of gross irregularities, and cannot of themselves sustain title. They contend, however, that the defendants should have failed in their opposition, because they have ratified the title of the plaintiff, and also because they have failed to tender the purchase money.

We concur with the defendant's counsel that there can be no ratification where there is no title, and that the plaintiff has utterly failed to show title to the land. On the trial of the cause, his counsel offered in evidence a writing purporting to be a certificate of adjudication of the land to him, but not signed by the officer who made the sale, and, in connection therewith, the evidence of *Charles Tessier*, alleged to be that officer. He also offered the testimony of other witnesses for the purpose as stated by him: 1st. Of showing the title of the plaintiff to the land in controversy and to authenticate the sale. 2d. Of showing the manner and circumstances under which the plaintiff came into possession of the land, and thereby establishing his right to recover the price paid, and also the value of the improvements. The defendants objected to the introduction of this testimony on the grounds, that Judge *Tessier* was then *functus officio*, and could not authenticate a sale alleged to have been made by him when he was judge of the Court of Probates; and farther that titles to land cannot be established by parol evidence. The court sustained the objection, and the plaintiff took a bill of exceptions.

This evidence was clearly inadmissible to prove title, and no attempt having been made to offer any other, we must come to the conclusion that the land

BRADFORD
v.
COOK.

never ceased to belong to the community, and that there was no foundation upon which the alleged ratification could rest. But besides, the defendants were minors, and the receipt of a portion of the price of the land by their tutor, could never be construed into a ratification to their prejudice.

The argument that the defendants cannot maintain their opposition and obtain a recission because they have failed to allege and prove a tender of the purchase money, takes for granted a fact which does not exist, the existence of a probate sale. Where there is no sale, the rule invoked is without application. The record shows that the plaintiff paid Judge *Tessier* $603, and that the judge, with this amount and other sums in his hands belonging to the minors, took upon himself to pay divers claims alleged to have been due by the succession and the heirs. This account is to be settled between the parties interested and the judge, and forms no part of the present litigation.

The plaintiff alleges that he is a possessor in good faith, not liable to pay rent, and entitled to recover the value of his improvements, and that the evidence offered by him, if not legal to establish his title, should have been received to prove the nature of his possession. This is only alleging, in another form, that it should have been admitted to prove his title, because unless there was a title, he could not prove his possession under it. It is well settled that when questions of title arise in actions of damages, the proof required is the same as in petitory actions. *Patterson* v. *Bloss*, 4 La. 374.

The possessor in bad faith is he who possesses as master, but who assumes this quality when he well knows that he has no title to the thing, or that his title is vicious and defective. C. C. 3415. The evidence in the record satisfies us that the plaintiff comes within this definition, and that he should not be permitted to shelter himself under the alleged errors and negligence of his counsel. The sale for $603, of property appraised in the inventory at $9,400, would have been, if it had taken place, an unjustifiable sacrifice. After the experts appointed had reported, without being sworn, that it was not for the interest of the minors to divide this property in kind, a family meeting was convened to fix the conditions of the sale, and, at the instigation of the plaintiff, recommended that the land should be sold for cash, giving as a reason that this was the only way in which the sums expended by him for the community could be refunded. At that time his claim against the community had been rejected by the judgment of the court, and the reason assigned by the family meeting did not exist. The proof that he was himself satisfied he had no claim, results from his present allegation that, as soon as the land had been adjudged to him for $603, he paid that sum to the succession. He would not have done so if he had been a creditor, as he now pretends to be. We are satisfied that he was properly charged with the rent. The tutor himself could not have made the improvements on the property, and charged the minors with them, without an authorization of the judge rendered on the advice of a family meeting. The plaintiff has not greater power. It is not necessary to enquire whether those improvements have enriched the minors, as the record contains no evidence on that subject.         *Judgment affirmed.*