No.——

First Circuit

---

FLEMING v. SINGLETARY

---

(February 15, 1928.   Opinion and Decree.)
(April 11, 1928.   Rehearing Refused.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Evidence—Par. 340.**

Where the testimony of witnesses is supported by facts and circumstances that the words "full payment for oxen" were not on the check that fact must be taken as proven regardless of some testimony to the contrary.

2. **Louisiana Digest—Possession—Par. 28; Acts—Par. 50; Pleading—Par. 123.**

Although parol testimony is inadmissible to prove title or possession of land for the purpose of obtaining damages from inexecution of an oral agreement for the sale of land, nevertheless, where parol evidence, unobjected to, is introduced to prove possession, damages for the expenses of improvements can be proven and recovered.

Appeal from the Parish of St. Tammany. Hon. Prentiss Carter, Judge.

Action by M. L. Fleming against R. M. Singletary.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Harvey E. Ellis and Robt. E. Ellis, Jr., of Covington, attorneys for plaintiff, appellee.

Morgan and Simmons, of Covington, attorneys for defendant, appellant.

MOUTON, J.  Plaintiff alleges that he sold on January 30, 1925, eighteen oxen, two log wagons, yokes, etc., for $1150.00, of which $800.00 was paid cash, and for $350.00, balance of the purchase price, defendant obligated himself to convey to plaintiff a tract of nineteen acres of land, which is described in his petition. He also alleges that he was placed in possession of the land by the plaintiff, and expended the sum of $169.00 in valuable improvements on the property. He does not allege that he has a title in writing and is not suing for a specific performance. His demand is for the recovery of the $350.00 on the sale, the balance alleged to be due on the purchase price, and for the value of the alleged improvements.  The court rendered judgment for $425.00, $75.00 thereof being for improvements.

The contention of the defendant is that $800.00 was the price of sale for the oxen, wagons, yokes, etc., which plaintiff alleges amounted to $1150.00.  Defendant, it is shown, gave plaintiff a check for $800.00 on the date the deal was completed. This check, defendant claims, was in full payment for the outfit he purchased, and that he is in no way liable for the balance of $350.00 on the sale, for which plaintiff is asking for judgment with the additional sum of $169.00 for the value of the improvements.   Plaintiff is very positive in his testimony that the sale was for $1150.00, that $800.00 was paid cash in part payment, and that the $350.00 balance of the purchase price was to be paid by the transfer of the tract of land as hereinabove stated. He now disclaims ownership of the land, and is merely asking for said balance of the purchase price.   The father of the plaintiff, and one Tony, apparently a disinterested witness, testified that defendant had admitted to them he had paid $1150.00 for the property in question.

It is shown by other witnesses whose veracity we have no right to impugn, that the sum of $1150.00 was a fair price for the property.  The fact is that Jenk, a witness for defendant and who has no interest in the result of this suit as far as the record discloses, says that he offered to plaintiff $1000.00 cash for these wagons, yokes, bows and chains, and that the offer was refused. If such be true, as there is no good reason to otherwise believe, it would be irrational to conclude that plaintiff would have sold that property to defendant for $800.00.  It also appears that plaintiff was put in possession of the land soon after the transaction for the sale of the property, and that he remained in possession up to the time of the institution of this suit, and for more than a year after the deal had been effected. We refer to this fact because defendant claims in his testimony that by a separate contract made in the month of February or March, following the date in January when the outfit was sold, he then agreed to transfer these nineteen acres of land for $350.00; that this was an agreement independent of the other and by which he had never agreed to transfer this land as part of the $1150.00.

If the agreement had been in reality that for which defendant is contending, it would be difficult to explain why he should have left plaintiff over a year in possession before asking for the execution of a sale

for the transfer of title. The reference is not made to establish by this circumstance a transfer of title, but merely to show that possession was allowed to remain with plaintiff for that period of time, because as we see it, a balance of $350.00 had been left unpaid on the original obligation defendant had incurred as the purchase price of the outfit.

The check for $800.00 which defendant claims was in full payment of the purchase price was produced in evidence. On its face it bears the words "full payment on the oxen," as testified to by the witnesses in the case.

Plaintiff, who, it is shown, was cautioned by defendant to read the check when it was given to him, says the words above quoted were certainly not on the check at that time. Mrs. Richard Fleming, a sister-in-law of plaintiff, says she saw the check in her home in January, 1925; that as it was for $800.00 which she considered a very large amount, she read it carefully and she is certain that the words "full payment" were not on the check. Defendant claims they were there when the check was originally issued. There is here a sharp conflict in the testimony of these witnesses. Obviously the District Judge believed the testimony of plaintiff and Mrs. Fleming, his sister-in-law, on this question.

Here it will be noted, there are two witnesses for plaintiff against one for defendant on this disputed fact, but even if there were the testimony of one witness against that of another, as the issue resolves itself into a conflict of testimony, it is well established that an appellate court will not, in such a contest interfere in the conclusion of fact arrived at by the trial Judge, who is in a better position to pass on the credibility of witnesses than are the judges of appellate tribunals. Besides, the testimony of plaintiff and of

Mrs. Fleming entitles it to more credence than that of defendant on the subject above discussed because it is supported by the facts and circumstances of the case above commented upon, and which show that the price for the outfit was $1150.00, and therefore discredit the testimony of defendant that he had written on the face of the check at the time of its issuance the words "full payment for oxen." The contract for the sale of oxen, etc., which is in excess of $800.00 in value, we find to be fully proved by the direct evidence of the plaintiff, the admissions of defendant, and the corroborating facts and circumstances to which we have hereinabove referred. This brings us to the consideration of the next question involving the right to claim the value of the improvements placed by him on the land.

Counsel for defendant objected to parol evidence to prove the value of the improvements. He cites Darden vs. Nolan, 4 La. Ann. 374; Marionneaux vs. Edwards, 4 La. Ann. 103; Anderson vs. Smith, 4 La. Ann. 525; Bradford vs. Cook, 4 La. Ann. 229, and other decisions in support of his contention that this parol testimony was inadmissible.

The principle announced in those decisions is that in the alienation of lands and improvements parol evidence is not permissible to establish title, and is also inadmissible to prove the damages resulting from the inexecution of the contract. In this case, it was proved without objection, that plaintiff had been put in possession by defendant and remained in possession to the institution of these proceedings. While detaining the premises under that possession, he made the improvements on the land. Under such a state of facts it cannot be said that the improvements so made were in the nature of damages which flowed from the breach of the con-

tract by the defendant. If defendant had objected to the proof of possession evidence of possession would have been admissible as evidence of a fact or circumstance to show that under the contract as hereinabove discussed, the price agreed to between the parties was in reality for the sum of $1150.00, and was not for $800.00 as claimed by defendant. But possession would have been inadmissible to show its nature with a view of claiming the value of the improvements.

In 4 La. Ann. 229, Bradford vs. Cook, Tutor, this question was directly presented to the court. In that case which was also based on an alleged verbal agreement for title to a tract of land, plaintiff, as in this case, was asking for the value of his improvements, and claimed to be a possessor in good faith, and in which he contended that though he had no title, his evidence should have been admitted to prove the nature of his possession, and his claim for the improvements. In passing on this controverted point the court said:

"This is only alleging in another form that it should have been admitted to prove his title, because unless there was a title, he could not prove his possession under it."

If defendant had objected to the proof of possession no parol evidence would have been admissible to prove it. As title to real estate can be established by parol, if not objected to, possession flowing from such a title is equally provable by parol if admitted without objection. Here, it was introduced without objection, and forms a large part of the evidence in the record. The fact is that plaintiff remained for over a year and a half in possession and up to the bringing of this suit. During his occupancy of the premises under that character of possession to now deny him the right to recover his expenses

for improvements that are of benefit to the land, would be permitting defendant to enrich himself at the expense of plaintiff, in violation of a fundamental maxim of equity and law.

We therefore hold that plaintiff has a right to recover for these improvements, but we find that the court has awarded him their just value and that he is not entitled to an increase, as he is asking for on this appeal. The court rendered judgment for $425.00; $350.00 for balance of the purchase price of the outfit and $75.00 for the improvements. This judgment is legal and equitable, and is therefore affirmed with costs.

————

ON APPLICATION FOR REHEARING.

MOUTON, J. In his motion for a rehearing defendant complains of most of the controverted issues in this case which were disposed of by us adversely to his contentions. His main contention is directed against that part of our opinion where we held that as defendant had not objected to the introduction of parol evidence by plaintiff to show that he had been placed in possession of the land, he had the legal right to establish the value of the improvements he had made thereon, and to recover therefor.

In support of his contention that he had made proper objection at the very threshold of the trial to exclude such parol evidence, counsel for defendant quote their objection thereto which is as follows:

"Counsel for the defendant objects further to any parol evidence relative to any alleged agreement in connection with the sale of real estate for the purpose of establishing an alternative demand as herein sued for."

This objection was overruled by the court. Immediately thereafter appears the following in the record:

"It is agreed by both counsel for plaintiff and defendant that this objection shall apply to any verbal agreement whereby this plaintiff seeks to establish a contract to sell, barter or exchange any real estate without the necessity of any further objections."

It will be noted that in the objection which precedes the agreement of counsel as to the proper application of the objection, the language following is used: "to any parol evidence relative to any alleged agreement in connection with the sale of real estate for the purpose of establishing an alternative demand." It is obvious that this objection to any parol evidence relative to an agreement for the sale of the real estate, could have no possible reference to the value of the improvements which were placed on the land long after plaintiff had taken possession and in anticipation of a prospective purchase as part of the outfit he had transferred. In the concluding part of the objection of counsel for defendant above reproduced, we find the following:

"For the purpose of establishing an alternative demand as herein sued for."

Counsel very skilfully refers in his brief to the words: "An alternative demand as herein sued for." Evidently he refers with emphasis thereto because in the alternative prayer of plaintiff's petition, judgment is asked not only for $350.00, the balance which was due on the unpaid price of the outfit, but also for the $169.00, the alleged value of the improvements. The objection however, had no reference to the amount asked for these improvements, as it was clearly leveled at "any parol evidence relative to any alleged agreement in connection with the sale of any real estate." It is not possible if we are to be governed by any rule of sound reason to say that the objection so entered could have any possible reference to the proof for the value of the improvements which were not thought of or did not in any way enter the minds of the parties when the contract was made between them.

The agreement of counsel as to the application of the objection, above reproduced, also shows quite clearly what was the purpose that prompted the objection. We say this, because the following is in the agreement:

"This objection shall apply to any verbal agreement whereby this plaintiff seeks to establish a contract to sell, barter or exchange any real estate, without the necessity of any further objections."

There, the words: "To establish a contract to sell, barter or exchange any real estate" were unquestionably intended to refer to the alleged barter, sale or exchange of the 19 acres of land in part payment for 'the outfit, and cannot be made to apply with any show of reason or logic to the possession of the land for the purpose of establishing the value of the improvements, which was certainly not contemplated when the contract was made in reference to this sale, barter or exchange. It is also proper to note in connection therewith, that it is stated in that agreement of counsel that the objection should be given its intended application "without the necessity of any further objections." After this objection was so entered in the record, plaintiff freely and

without the slightest intimation of any obligation on the part of counsel for defendant, proceeded to prove his possession of the land. After he had fully established that possession, he thereafter offered to show the amount he had expended for the improvements. It was then that defendant took occasion to urge his objection which he is now strenuously pressing before this court. In the agreement hereinabove copied it will be observed that it was stated that the objection would apply thereafter "without the necessity of any further objection." If the original objection had been intended to apply to the possession of the land, or to the value of the improvements, no objection whatever would have been subsequently needed for the exclusion of the evidence offered to prove the value of these improvements. Taking the issue from any angle it is impossible to hold otherwise than was held by us in our original opinion, that defendant did not object to the proof of possession, and that plaintiff was entitled to recover the value of improvements, otherwise defendant would be permitted to enrich himself at the former's expense.

We have again gone over this point at length being prompted by the desire of not denying defendant any of his rights if he had really made the proper objection for the exclusion of the evidence of possession, but find no reason to disturb our original conclusions on this question, nor on the other contentions which were submitted in the application for the rehearing and in the brief accompanying it.

The rehearing is therefore refused.