313 So.2d 278 (1975)
Alice St. Julien MANUEL, Plaintiff-Appellee,
v.
Warren J. "Puggy" MOITY, Defendant-Appellant,
ALL STATE CREDIT PLAN, INC., Third-Party Defendant-Appellee.
No. 4971.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1975.
Rehearing Denied June 18, 1975.
Writ Refused September 12, 1975.
*279 Warren J. "Puggy" Moity, in pro per.
Landry, Watkins, Cousin & Bonin by Alfred S. Landry, New Iberia, for defendant-appellee.
*280 Harold Savoie, Lafayette, for plaintiff-appellee.
Before HOOD, MILLER and WATSON, JJ.
HOOD, Judge.
Alice St. Julien Manuel instituted this suit against Warren J. Puggy Moity to compel specific performance of a contract in which Moity agreed to sell real property to plaintiff. Alternatively, plaintiff demands damages from Moity for breach of contract.
Moity answered and filed a third party action against All State Credit Plan, Inc., alleging that All State had breached a contract in which it agreed to sell to Moity the same property that Moity was obligated to convey to plaintiff Manuel. He contends that he was unable to complete the sale of the property to plaintiff because of All State's breach of contract. Moity demands judgment against All State for any amount he may be condemned to pay to plaintiff, and for the damages which he sustained as a result of All State's failure to convey the property to him. All State filed an exception of no cause of action to that third party petition.
The trial judge rendered judgment on November 15, 1974, overruling the exception of no cause of action filed by All State. Later the same day, however, in response to a motion filed by All State, he ordered that a new trial be held on the exception of no cause of action. A new trial, consisting of a re-argument of the exception, was held on November 22, 1974. Following that trial or hearing, judgment was rendered by the trial judge on that date recalling and setting aside his earlier decree, and decreeing that the exception of no cause of action filed by All State be maintained and that Moity's third party demand be dismissed.
Several pleadings were filed thereafter seeking to have the last mentioned judgment reviewed or set aside, but all of those demands were rejected, and eventually a formal decree was read and signed on December 12, 1974, maintaining the exception of no cause of action and dismissing the third party action filed by Moity against All State. Moity has appealed from that judgment.
The issues are: (1) Was a written contract entered into between Moity and All State whereby the latter obligated itself to convey the subject property to Moity? (2) Did the trial court fail to comply with LSA-C.C.P. Art. 1971 in granting a new trial and in reconsidering its original judgment rendered on November 14, 1974, and if so, is the judgment appealed from void for that reason?
The exception of no cause of action must be decided on the face of the pleadings. All well pleaded allegations of fact in Moity's third party petition, and in his amended third party petition, must be accepted as true for the purpose of that exception. LSA-C.C.P. Art. 931; Langley v. Copolymer Rubber and Chemical Corp., 233 So.2d 353 (La.App. 1 Cir. 1970).
The following is our understanding of the facts, as alleged by Moity in his "Answer and Third Party Action" and in his "Supplemental and Amended Petition," and as shown by the exhibits which are attached to and made a part of those pleadings.
Moity agreed to sell to plaintiff some real property, consisting of three lots with improvements, located in the City of New Iberia. He did not own the property when that agreement was entered into, but he expected to acquire title to it. His original plan was to purchase the property at a sheriff's sale, held in connection with a foreclosure proceeding on November 14, 1973. Shortly before that sale was held, however, he "struck an agreement," orally or verbally, with All State, through its agent, Henry Bernard, Jr., that he would not bid on the property, but would allow All State to buy it at the sheriff's sale, with the understanding that immediately *281 after the sale was completed All State would sell and convey the same property to Moity for a price of $13,400.00. All State was the successful bidder at the sheriff's sale, and the property was adjudicated to it for $8,000.00.
On March 6, 1974, more than three months after the sheriff's sale was held, Moity wrote a letter to Bernard, stating that:
"This confirms our agreement for me to purchase the property and judgment which you bid in for All State Credit Plan, of New Iberia, Inc., for $8,000.00. As agreed, I shall pay $13,400.00 cash upon your notifying me that you have a sale prepared for execution."
Moity indicated in that letter that he was ready to complete the sale at that time.
On March 12, 1974, Moity obtained a Bank Money Order for the sum of $13,400.00, made payable to the order of "Henry Bernard, Jr., Atty. for All State," and he delivered that money order to Bernard on that date. When the money order was delivered, Moity obtained a receipt, dated March 12, 1974, which reads:
"Received of W. J. Moity, this date, the following: Bank Money Order for $13,400.00 made payable to Henry Bernard, Jr., attorney for All-State, dated March 12, 1974.
 Henry A. Bernard, Jr.
 Per: /s/ Jane T. Andrepont"
At or about that time, Bernard stated orally that "the only matter left was the actual notarial act which would be completed as soon as the Sheriff of Iberia would complete his sale to All State Credit Plan, Inc."
On March 21, 1974, Bernard wrote a letter to Moity advising that he was not in a position to transfer title at that time, and he returned the uncashed money order to Moity with that letter. The letter from Bernard to Moity reads:
"Pursuant to your phone conversation with my secretary yesterday, I return herewith bank money order you left with me.
"Please be advised I am not in a position to transfer title at this time, as the same has not been transferred by the Sheriff's Department. I anticipate it being approximately two weeks now before any transaction regarding this property could be consummated.
"In the meantime, it might be in your best interest to contact All-State Credit Plan again. I understand Mr. Manuel is in the process of attempting to redeem this property."
All State has never conveyed the property to Moity, and Moity has not conveyed it to plaintiff.
Moity contends that the above mentioned letters and documents constituted a written contract, under the terms of which All State agreed to sell to Moity the subject property for a cash consideration of $13,400.00. He argues that on November 14, 1973, he and All State's agent, Bernard, agreed verbally on the price and the thing, and that that agreement was later confirmed in writing. He takes the position that (1) The letter which he wrote to Bernard on March 6, 1974, sets out the verbal agreement; (2) Bernard received that letter and he never answered "denying the acceptance of the agreement" or stating that the "deal was off or that the facts stated in the letter were wrong;" (3) the money order for the agreed price was delivered to and was "fully accepted" by Bernard, as evidenced by the written receipt given to Moity when the money order was delivered, and by the fact that it remained in Bernard's possession for "many days" before it was returned; and (4) all of the above documents constitute a written contract under which All State agreed to sell the subject property to Moity.
The trial judge found that the documents in the record prove only "that there were some oral discussions or understandings in *282 connection with the transfer of this property," but that "they do not prove the existence of a written agreement." He held that neither "the documents attached to Mr. Moity's supplemental and amending petition, nor the averments of the supplemental and amending petition, are sufficient to state a cause of action." Judgment accordingly was rendered sustaining the exception filed by All State.
We have considered all of the pleadings filed by Moity, and all of the documents which were attached to and made a part of those pleadings. There is nothing in any of those documents which we interpret as an agreement by All State to sell the property to Moity, or as a confirmation by All State of Moity's understanding of the transaction, as set out in his letter dated March 6, 1974.
Accepting as true all of the facts which are set out in the pleadings filed by Moity and in the documents attached to those pleadings, we conclude, as did the trial judge, that Moity and All State never entered into a written agreement for the sale or purchase of the subject property.
Parol evidence is not admissible to prove an agreement to sell immovable property. LSA-C.C. Arts. 2275 and 2440. A party thus cannot recover damages for the breach of an agreement to sell realty when that agreement was not in writing. Davidson v. Midstates Oil Corporation, 211 La. 882, 31 So.2d 7 (1947); H. A. Bauman, Inc. v. Tilly, 185 So. 504 (La.App. 2 Cir. 1938); Patterson v. Bloss, et al., 4 La. 374 (1832); Johnson v. Sandifer, 56 So.2d 762 (La.App. 2 Cir. 1952); Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963).
In Patterson v. Bloss, supra, the court said:
"He who claims damages for the inexecution of a contract, must prove that it was actually entered into, in the same manner as if it required the specific performance of it."
In the more recent case of Hayes v. Muller, supra, our Supreme Court stated:
". . . The parol evidence rule has been applied by this court not only in cases involving contracts which directly affect title to realty but also in others where the litigants merely sought to derive benefits growing out of verbal agreements relating to the sales of immovable property."
The pleadings in the instant suit, if accepted as true, show that the alleged agreement between Moity and All State providing for the sale of real property was not in writing. Parol evidence is not admissible to show that such a contract was entered into, and Moity thus cannot establish that the alleged agreement ever came into existence, or that All State ever agreed to sell the property to him. Under those circumstances, the trial judge correctly held that Moity's third party petition fails to state a cause of action.
Moity contends further, however, that the trial court failed to comply with LSA-C.C.P. Art. 1971 in granting a new trial of the exception of no cause of action, and that the judgment appealed from, that is, the judgment which maintains the exception of no cause of action, thus is void. Article 1971 of the Code of Civil Procedure provides that a new trial may be granted upon contradictory motion of any party, or by the court on its own motion. Moity argues that the trial court did not follow either of those procedures. He contends that a new trial was granted on the ex parte motion of All State, without a contradictory hearing as required by the above article. He maintains also that the court did not grant the new trial "on its own motion," as authorized in that article, but instead it granted that relief on motion of one of the parties.
A motion for a new trial was filed by All State immediately after the judgment was rendered on November 15, 1974. Pursuant to that motion, and without a contradictory *283 hearing, the trial judge ordered "that a new trial of the Exception of No Cause of Action filed in this proceeding shall be and the same is hereby fixed for trial . . . on the 22nd day of Nov., 1974."
The exception was re-argued on November 22, but prior to that re-argument the parties stipulated that the matter could be taken up on that date "as a trial on the merits for the application for a new trial." We interpret the stipulation as being that, despite any irregularities which may have occurred in granting the new trial, the exception of no cause of action filed by All State could be re-argued on that date, and that the trial court thereafter could uphold or set aside its earlier judgment. In view of that stipulation, we find no error in the action of the court in allowing the parties to re-argue the exception and thereafter in rendering judgment maintaining it.
Although we uphold the action of the trial court for the above reasons, it is appropriate to note that we reject the argument of third party plaintiff that the trial court was powerless to grant a new trial on its own motion after one of the parties had filed a motion for a new trial. We think the trial court had authority to grant a new trial on its own motion even though a motion for that type of relief was pending.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to the defendant-third party plaintiff, Warren J. Puggy Moity.
Affirmed.
MILLER, J., concurs and assigns written reasons.
WATSON, J., concurs in the result.
MILLER, Judge (concurring).
I agree with all holdings of the majority opinion, but add this note concerning the procedural issue relating to the application for new trial.
The term "rendered judgment" as used in the opinion refers to the trial judge's decision to over-rule the exception, and not to a signed judgment. The only signed judgment in this record is the judgment maintaining All State's exception of no cause of action.
I understand LSA-C.C.P. arts. 1971 through 1979, which deal with NEW TRIAL, to apply to judgments which have been signed rather than rendered. These articles and the applicable Official Revision Comments contemplate remedies after the judgment has been signed.
In this case, the exception of no cause of action was filed October 25, 1974. On November 6, 1974, the exception was set for trial. At the conclusion of the November 15 trial of the exception, the trial judge assigned oral reasons and over-ruled the exception. Later that day, exceptor presented jurisprudence demonstrating that the trial court erred in over-ruling the exception.
It is my view that the trial court was not obliged to grant a new trial at this stage. Since judgment (over-ruling the exception) had not been signed, the court had full authority to reverse the holding and grant judgment maintaining the exception of no cause of action.
I respectfully concur.