643 So.2d 245 (1994)
Alton J. OGDEN, Jr., Plaintiff-Appellant,
v.
Jerry P. OGDEN, et al., Defendants-Appellees.
No. 93-1413.
Court of Appeal of Louisiana, Third Circuit.
September 21, 1994.
J. Peyton Parker Jr., Baton Rouge, for Alton J. Ogden Jr.
Jack Hendrix McLemore Jr., Vidalia, for Jerry P. Ogden et al.
Before DOUCET, LABORDE, KNOLL, WOODARD, and CULPEPPER[1], JJ.
KNOLL, Judge.
Plaintiff, Alton Ogden, Jr. (Alton), brought suit against defendant, Jerry Ogden (Jerry), for breach of an oral agreement to pay monies arising out of an oil and gas lease in Concordia Parish, Louisiana. Jerry filed an exception of no cause of action, which the trial court sustained. Alton appeals the correctness of this ruling.
Alton's petition alleges that he and his brother, Jerry, have in the past entered numerous joint ventures to develop various *246 mineral interests. These ventures were typically on a 50/50 basis where one party would work on procuring leases for mineral interests for or on behalf of the other. The procuring party would bill the other for 50% of the cost involved, with the understanding that all expenses and mineral interest of a particular project would eventually be divided equally. These agreements were generally not reduced to writing.
Alton alleges that in March of 1990, he asked Jerry to "check out" a tract of land in Concordia Parish and determine if it was available for leasing. A few weeks later, Jerry informed Alton that the property had already been leased. Apparently Jerry had in fact obtained the lease for himself through an interposed third person. Jerry later sold to other investors an interest in the tract and made a substantial profit when the tract was developed.
Alton then filed suit for 50% of the profits Jerry had earned. Jerry filed an exception of no cause of action, arguing Alton could not recover since the agreement was not reduced to writing. The trial court sustained the exception. We affirm.

NO CAUSE OF ACTION
The purpose of a peremptory exception of no cause of action is to determine the legal sufficiency of the petition. The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to plaintiff if those facts are proved at trial. Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993).
Alton apparently accepts that an interest in a mineral lease is incorporeal immovable property, LSA-R.S. 31:18, and that such property can only be conveyed in writing, LSA-C.C. Art. 1839.[2] Nevertheless, Alton contends that the oral agreement could and does provide grounds for recovery of 50% of Jerry's profits.
We find that the law has, for over 30 years, consistently held the opposite. This issue was first squarely addressed in Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963). In Hayes, the plaintiff and defendant had entered a verbal joint venture agreement much like the parties sub judice. The defendant then obtained a mineral lease in his name only and later sold the lease, retaining the profits. The plaintiff sought to recover his share of the profits.
In refusing to grant recovery, the Supreme Court began by noting that Louisiana law confers on mineral interests the benefit of all laws, procedural or substantive, relating to the ownership of immovable property. Like Alton, the plaintiff in Hayes attempted to distinguish a claim for profits arising from the sale of a mineral interest as opposed to a claim for actual title to the mineral interest. However, the Supreme Court rejected this argument, citing cases from as early as 1832 for the legal principle that monetary damages arising out of the inexecution of a contract concerning an immovable must meet the same requirements of proof as a claim for specific performance. Thus if there was no written contract, there could be no recovery of damages. The Hayes court clearly summarized the jurisprudence in the following terms:
"It is the contention of these plaintiffs that the parol evidence rule is not applicable, since title to the lease will not be affected (it having been transferred to [a third party]); that they are merely seeking to recover profits derived from Muller's sale. Their claim to such profits, by the explicit allegation of their petition, rests on a verbal agreement that the property would be bought and sold for their benefit; and that the defendant, in a breach of this agreement, handled the lease in his name and is retaining the profits derived therefrom.
The important question then is: Can the plaintiffs show such an agreement by parol? We think not. The parol evidence rule has been applied by this court not only in cases involving contracts which directly affect title to realty but also in others where the litigants merely sought to *247 derive benefits growing out of verbal agreements relating to the sales of immovable property.
Thus, in the early case of Patterson v. Bloss, et al., 4 La. 374 [1832], the plaintiff alleged a verbal agreement under which he was to sell to the defendants certain property, with respect to which they refused to take title. He did not seek specific performance. Rather, he sought damages for the failure to comply with the contract. The court, in rejecting parol evidence to show the agreement, said: `He who claims damages for the inexecution of a contract, must prove that it was actually entered into, in the same manner as if it required the specific performance of it.' From which holding it would logically follow that he who seeks an accounting of profits growing out of a joint adventure agreement respecting the purchase and sale of a mineral lease must prove by written evidence that the contract was actually entered into `in the same manner as if it required specific performance of it.' In this connection it is conceded that, in the instant case, the parol evidence rule would have prevented plaintiffs from enforcing the agreement to assign to them their proportionate interests in the lease if it were still in the defendant's name.
Whether it is permissible to prove a verbal contract such as is sought to be enforced here rests on the same principles enunciated in the early cases of the jurisprudence which have been consistently adhered to. In those cases we held that a plaintiff cannot show an oral agreement to purchase property for him, and enforce the contract when it has been fraudulently violated (by acquisition in defendant's name), despite the argument made therein that the evidence did not constitute an attack on the title of the defendant but was merely an attempt to profit from and through such title." Id. 158 So.2d at 198 (emphasis in original).
The court went on to note that it had been "so zealous" in guarding against any deviation from this principle, that even the legitime of forced heirs had been held subordinate to this policy. It is difficult to imagine a clearer statement of the law on this area.
Moreover, this circuit has consistently followed Hayes by holding that absent a written agreement, a verbal joint venture or partnership pertaining to mineral rights cannot be proved and one cannot recover damages for the alleged breach of such an agreement. See Petrocana, Inc. v. Margo, Inc., 577 So.2d 274 (La.App. 3d Cir.1991); Guy Scroggins, Inc. v. Emerald Exploration, 401 So.2d 680 (La.App. 3d Cir.), writ denied, 404 So.2d 1257 (La.1981); Slay v. Smith, 368 So.2d 1144 (La.App. 3d Cir.1979).
Paragraphs 11 and 12 of Alton's first amending and supplemental petition make it clear that the damages he is claiming are precisely the type that are forbidden by Hayes and its progeny.
11.
Jerry P. Ogden, was an agent for Alton Ogden, Jr. and by converting the leases to his own name violated his fiduciary duties towards Alton Ogden, Jr., and thus deprived petitioner of fifty (50%) percent ownership in the hereinabove described lease together with mineral interest consisting of "working interest", "overrides" and "back-in" working interests.
12.
Petitioner herein desires and is entitled to judgment against defendant for the amount of profits he has been deprived of as a result of defendant's fraudulent acts.
The case sub judice is indistinguishable from Hayes. Granting the relief plaintiff seeks would require nothing less than overruling Hayes and the consistent line of jurisprudence following Hayes. We find no justification for such a drastic measure.
Finally, we find it is of no moment that Alton may be expressing a claim sounding in tort rather than contract. As the plaintiff in Hayes, Alton alleges fraud and breach of a fiduciary duty. The Hayes court, in rejecting these arguments, concluded:
"To reach any result other than that heretofore announced would open the door to parol evidence in every case wherein a litigant seeks to recover only benefits flowing *248 from the realty affected." Id. 158 So.2d at 200.
Few concepts are as firmly rooted in our statutory law and jurisprudence as the principle that agreements as to immovable property must be in writing. To allow litigants to avoid this principle merely by framing their cause of action in terms of a tort would be jurisprudentially eradicating a concept as old as the Civil Code itself. We are aware that this policy may sometimes result in harsh consequences. However, these consequences were as apparent to the redactors of the Civil Code as they are to modern legislators. Nevertheless, the Louisiana legislature has consistently chosen to have interest in immovable property protected by a steadfast rule of law rather than the vagaries of an equitable case by case approach.
We find the trial court correctly held Alton was seeking to enforce a right in immovable property without a written agreement and thus has stated no cause of action.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff.
AFFIRMED.
WOODARD, J., dissents and assigns written reasons.
LABORDE, J., dissents for the reasons assigned by WOODARD, J.
WOODARD, Judge, dissenting.
I respectfully dissent based on the analysis herein.
The plaintiff in the case sub judice alleges that the defendant, acting on behalf of both parties, went to ascertain whether the subject property could be leased. The plaintiff and the defendant would share the profits equally if the property were successfully developed for oil and gas. This transaction was part of an ongoing business relationship between the plaintiff and the defendant that led the plaintiff to trust the defendant and to develop expectations that he would comply with the terms of their arrangement, as opposed to a whim. A trier of fact could conclude, based on the facts as alleged by plaintiff, that the defendant misrepresented the truth when he told plaintiff that the property had been leased to other investors, when in fact defendant had leased the property in his own name. The trier of fact could also conclude that defendant intended to obtain an unjust advantage for himself by doing so, because he subsequently developed the lease for a profit. Since we accept plaintiff's factual allegations as true for purposes of a peremptory exception, I believe that the plaintiff has pled facts sufficient to state a cause of action under the tort of intentional fraudulent misrepresentation. Williams v. Hatton, 594 So.2d 977 (La.App. 3d Cir.), writ denied, 600 So.2d 606 (La.1992).
Plaintiff did not specifically allege the theory of intentional fraudulent misrepresentation, but the law does not so require, and the facts of this case appear congruent with such a cause of action. Louisiana has a system of fact pleading and as long as the facts constituting a claim are alleged, a party may be granted any relief to which he is entitled under the pleadings and the evidence. See La.Code Civ.P. art. 862; First South Prod. Cr. v. Georgia-Pacific, 585 So.2d 545 (La. 1991).
In Devore v. Hobart Mfg. Co., 367 So.2d 836 (La.1979), our Supreme Court recognized that La.C.C. 2315 affords a broad ambit of protection for persons damaged by the intentional or negligent acts of others. Thus, a party who is injured by the fraud or deceit of another has a cause of action for damages. Deville v. Leonards, 457 So.2d 311 (La.App. 3d Cir.1984); Pittman v. Piper, 542 So.2d 700 (La.App. 4th Cir.1989). Fraud is the misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. La.Civ. Code art. 1953. Specifically, a cause of action for intentional fraudulent misrepresentation as to present or past facts exists in Louisiana. Capital Bank & Trust Co. v. Wall, 448 So.2d 225 (La.App. 1st Cir.1984); Bunkie Bank & Trust Co. v. Johnson, 385 So.2d 1264 (La.App. 3d Cir.1980). Fraudulent misrepresentation is therefore a viable claim in tort, and it is unnecessary to prevail on such a claim to establish the contract *249 issues of privity, consideration, and breach of contract. Pittman, supra.
The majority ignores the plaintiff's tort claim for fraudulent misrepresentation by characterizing this claim as merely another means of alleging the same cause of action that might be sued upon in contract. Tort and contract claims may both arise from the same set of circumstances, however, and in such situations the plaintiff should be permitted to seek redress for both. See Potter v. First Fed. S & L of Scotlandville, 615 So.2d 318, 322 (La.1993). The Supreme Court has stated that a negligent breach of a contractual obligation is a tort and should be treated as such, independent of the contractual aspects of the claim. Id. A fortiorari, intentional fraudulent misrepresentation regarding a contract should be treated independently of possible contract-based actions arising from the same facts. A plaintiff who is able to state facts sufficient to support either or both claims must be given the opportunity to prove them.
It appears that the plaintiff can allege the elements of a claim for fraudulent misrepresentation, so the majority should not sua sponte recharacterize his cause of action as an exclusively contractual claim. The majority errs in holding that cases involving immovable property, however indirectly, constitute an area of the law to which the rules of tort law do not apply. See generally, PROSSER, ET AL., PROSSER AND KEETON ON TORTS § 92 (5th ed. 1984). Collapsing the plaintiff's tort claim into his contract claims, as the majority has done, confuses the distinction between tort and contract, and in the process unfairly deprives plaintiff of his day in court.
It is clear that plaintiff's contract claim is barred by the parol evidence rule. However, the parol evidence rule does not apply to tort claims, but only to actions to enforce a contract or to obtain benefits therefrom. Hayes v. Muller, 245 La. 356, 158 So.2d 191, 197-98 (1963). Hayes, upon which the majority relies heavily to preclude plaintiff's tort claim, proscribes only attempts to use parol evidence to prove an agreement so as to establish a right to recover a share of profits. Id. 158 So.2d at 197-98. In other words, Hayes dealt only with contract claims. The court did not discuss the viability of a tort claim involving an immovable, and in fact, the court could not decide such an issue because it was not before the court. Further, Hayes was decided in 1963, 16 years before the creation of the cause of action for fraudulent misrepresentation, so it is unlikely that the court even contemplated the applicability of such a claim. Hayes is irrelevant to this claim, because plaintiff is not required to prove a contract in order to prevail on the tort claim of fraudulent misrepresentation.
For the foregoing reasons, I would reverse the judgment of the trial court as to the issue of recovery in tort for intentional fraudulent misrepresentation, and remand the matter for further proceedings on this issue.
NOTES
[1] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[2] In brief, Alton explicitly denies that he is claiming "any interest in real estate, immovable property or any mineral interest or `real right.'"