I .ARMSTRONG, Judge.
Plaintiffs/appellants Kenneth Lobell (“Lobell”) and Earl Weber (“Weber”) appeal a June 30, 2000 judgment granting various dilatory and peremptory exceptions on behalf of the defendants and dismissing their claims, with prejudice, at their costs.

FACTS AND PROCEDURAL HISTORY

Plaintiffs filed this lawsuit against Sidney Torres, IV, (“Torres”), Morro Castle, L.L.C., and Morro Castle Condominiums (collectively referred to as “Morro Castle” or “the Morro Castle defendants”) on February 11, 2000. On March 22, 2000, Morro Castle excepted to the plaintiffs’ petition on the grounds that it was vague and that it failed to state a right or a cause of action against it. On March 24, 2000, defendant Torres filed exceptions of nonconformity with C.C.P. art. 891, vagueness and ambiguity, and no cause of action, along with a motion to strike a portion of plaintiffs’ petition. The matters were set for contradictory hearing on June 2, 2000.
Plaintiffs thereafter noticed the depositions of Torres and Morro Castle. In response, Torres filed a motion to quash his deposition subpoena, along with a motion for protective order, asking the trial judge to postpone the taking of his ^deposition until after the hearing on his motions and exceptions. The trial judge signed the motion to quash and for protective order on May 2, 2000, “postponing any such dis- *679 eovery requests until after the upcoming hearing'of relevant exceptions, set by this Court for June 2, 2000.” Plaintiffs applied to this Court for supervisory writs. We declined to consider the writ because it failed to comply with the requirements of Uniform Rules Court of Appeal, Rule 4-5. See 2000 C 0991. Several weeks later, another panel of this Court denied plaintiffs’ refiled writ application, finding no abuse of the trial court’s broad discretion in discovery matters. The panel noted therein that no evidence may be introduced at an exception of no cause of action which is to be tried on the face of the petition. See 2000-C-1125. Plaintiffs sought no further review of the district court’s May 2, 2000 order.
On May 12 and May 26, 2000, defendants Morro Castle and Torres, respectively, filed additional exceptions with respect to a first supplemental and amending petition that had been filed by the plaintiffs on May 1, 2000. More specifically, Morro Castle contended that plaintiffs’ supplemental and amending petition failed to comply with the requirement of C.C.P. art. 856 that fraud be alleged with particularity, and that it was otherwise impermis-sibly vague. Torres contended that the supplemental and amending petition failed to comply with C.C.P. art. 856, that it was vague and ambiguous, and that it failed to state a cause of action against him. Those exceptions were added to the matters that had already been set for hearing on June 2, 2000. Although the brief of appellee Morro Castle seems to indicate otherwise, our review of the record indicates that no opposition was filed by the plaintiffs in response to any of the exceptions filed by the defendants. The matters came for hearing, as scheduled, on June 2, 2000. In a | ¡Judgment signed on June 30, 2000, the trial court granted the exceptions filed by defendants Torres and Morro Castle, and dismissed all of plaintiffs’ claims against them. Plaintiffs now devolutively appeal from that judgment.

DISCUSSION

Plaintiffs list three assignments of error in this appeal.[1] First, they allege that the lower court committed error when it granted the defendants’ dilatory and peremptory exceptions. Second, they claim that the lower court committed error when it failed to allow the discovery of parol evidence crucial to the plaintiffs’ case where the plaintiffs alleged a cause of action for misrepresentation and personal injury in tort. Finally, they allege that the lower court committed error when it quashed the deposition sought by the plaintiffs.
The arguments contained in plaintiffs’ second and third assignments of error were the subject of two previous writs to this Court. As mentioned above, we denied plaintiffs’ writ challenging the trial court’s quashing of defendant Torres’ deposition until after the hearing on the exceptions previously set in the matter, finding no abuse in the trial court’s broad discretion in discovery matters. See 2000 C 1125. Plaintiffs sought no higher review of the trial court’s discovery ruling and they have offered nothing which would lead us to doubt the correctness of our earlier ruling. Accordingly, plaintiffs’ second and third assignments of error are without merit.
Plaintiffs contend that the trial court erred in granting the dilatory and peremptory exceptions filed by the defendants. In their brief, plaintiffs assert that “the *680 signing of the judgment granting the defendant’s [sic] dilatory and peremptory Uexceptions is in contravention to the local rules as no hearing was held.”[2] On the contrary, after the June 2, 2000 hearing attended by counsel for all parties[3], the trial judge stated that the matter was pretty straightforward and that argument was unnecessary unless someone had anything to add that had not been included in their memorandum. After receiving no response from any of the counsel at the bar, the court proceeded to rule on the exceptions.
The allegations in plaintiffs’ original petition are that Torres breached an oral agreement that he had entered into with Lobell regarding the formation of a partnership to purchase and develop a piece of property in the French Quarter. Plaintiffs alleged that said breach caused them damages including emotional harm, distress, pain, suffering, loss of enjoyment of life, and damage to business reputation.
Morro Castle excepted to the plaintiffs’ petition on the grounds that it was vague and that it failed to state a right or a cause of action against it. Therein, they asserted that it was unclear from plaintiffs’ petition what facts pertained to them as corporate defendants, and that the plaintiffs had made general allegations against “the defendants” as if they were all one entity. In addition, they pointed out that neither Morro Castle, L.L.C. nor Morro Castle Condominiums existed on or about October 28, 1999, the date on which the purported oral agreement was entered into between Torres and Lobell, and accordingly, plaintiffs could have no right or cause of action against them. Finally, Morro Castle asserted that even accepting all of their allegations as true, plaintiffs failed to allege that Weber was a party to the | ^purported agreement or how he was otherwise related to the litigation, and as such, he had failed to state a right or cause of action against them.
Defendant Torres excepted to the original petition on the grounds of nonconformity with C.C.P. art. 891, vagueness and ambiguity, and no cause of action. The thrust of his no cause of action argument was the well-settled principle in Louisiana that any agreement pertaining to immovables must be reduced to writing in order for the plaintiffs to recover. See generally Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963) and Ogden v. Ogden, 93-1413 (La.App. 3 Cir. 9/21/94), 643 So.2d 245. Torres added that the above cases also stand for the proposition that parol evidence is inadmissible to prove a joint venture to share profits regarding real estate. As plaintiffs had not even alleged that a writing evidencing any agreement regarding the French Quarter property existed, Torres argued that plaintiffs were not entitled to the relief sought.
Plaintiffs filed a supplementing and amending petition on May 1, 2000, wherein they alleged that “the defendant” had intentionally and fraudulently misrepresented certain facts to them. The plaintiffs claimed that the Morro Castle defendants were companies set up by Torres and that they acted as his alter ego. Further, the plaintiffs alleged that the Morro Castle defendants had participated in the fraud, deceit, and misrepresentations that had caused them damage.
The Morro Castle defendants excepted to the supplemental petition on the grounds that it was vague and that plaintiffs had failed to comply with C.C.P. art. 856’s requirement that the circumstances *681 of fraud be alleged with particularity. Again they argued that plaintiffs had failed to state a right or a cause of action against them because neither of them was in existence at the time of the purported [ ^agreement in October 1999. As a result, they argued the impossibility of Torres acting as the alter ego of either of them at the time.
Torres also excepted to the plaintiffs’ supplemental petition on the grounds that it was vague and ambiguous, that it failed to comply with C.C.P. art. 856, and that it failed to state a cause of action against him. The gist of these exceptions essentially mirror those made as to the original petition, with the additional argument that the plaintiffs had failed to allege with particularity the circumstances surrounding the alleged fraud perpetrated upon them by the defendants. In essence, Torres argued that in order to have a cause of action for breach of an agreement, there must have been an agreement upon which to state such a claim. Torres surmised that plaintiffs had alleged fraud in an attempt to take advantage of the exception to the rule that parol evidence is inadmissible to negate or vary the contents of a writing affecting immovable property. Torres asserted that this attempt should fail because in this case plaintiffs had not alleged that a written contract existed, thus there was no writing upon which to base any exception to the parol evidence rule.

The Trial Court’s Ruling

At the start of the June 2, 2000 hearing, the trial court stated that the plaintiffs’ petition was the second most vague petition that he had read in his judicial career. Accordingly, he granted the exceptions of vagueness as to the original and supplementing petition in favor of Torres and the Morro Castle defendants. He granted Torres exception of nonconformity with C.C.P. art. 891 finding that although the plaintiffs’ petition referred to the date of 10/28 as being when they had “talkfed] about going out and looking at the building”, they never articulated that an oral contract had been fashioned at that particular time. The trial |7judge then granted the defendants’ exceptions of no cause of action, as they related to Earl Weber, noting that Weber’s name had not been mentioned in even one sentence in the original or amending petition.
With respect to the exceptions of no cause of action, the trial judge noted that besides there being no mention of a written agreement in plaintiffs’ petitions, there was also no mention of any oral agreement, nor the terms of or parties to any such agreement. In that regard, the trial judge stated “there is absolutely zero basis in the pleadings to establish any kind of contractual basis, written or otherwise.” Accordingly, he granted Torres’ and the Morro Castle defendants’ exceptions on no cause of action.
Finally, the trial court granted the Mor-ro Castle defendants’ exceptions of no right of action and failure to comply with C.C.P. art. 856.
In urging this Court to reverse the trial court’s judgment, plaintiffs assert that Ogden v. Ogden, 93-1413 (La.App. 3 Cir. 9/21/94), 643 So.2d 245, so heavily relied upon by the defendants, is clearly distinguishable. They then quote much of the dissenting opinion in Ogden in support of their claim that they have sufficiently alleged several causes of action in tort, separate and distinct from any breach of contract or breach of fiduciary duty.
In Ogden, the plaintiff alleged that in March of 1990, he had asked the defendant, his brother, to “check out” a tract of land for possible leasing. The defendant had later leased the property for himself and sold it at a substantial profit. Plaintiff then sued for 50% of that profit. The trial court sustained the defendants’ exception *682 of no cause of action. In affirming the trial court, the Third Circuit noted that “[flew concepts are as firmly rooted in our statutory law and jurisprudence as the principle that agreements as to immovable property must be in |swriting. To allow litigants to avoid this principle merely by framing their cause of action in terms of a tort would be jurisprudentially eradicating a concept as old as the Civil Code itself.” Accordingly, the court found that plaintiff was seeking to enforce a right in immovable property without a written agreement and thus had stated no cause of action. Id. at p. 5, 643 So.2d at 248. In so holding, the court relied extensively on the Supreme Courts’ 1963 decision in Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963).
Plaintiffs make the broad assertion that the trial court erred in granting the defendants’ dilatory and peremptory exceptions. In their brief, however, they fail to specifically challenge the trial court’s granting of the Morro Castle defendants’ exception of no right of action on the grounds that neither of those corporate entities existed at the time of the purported oral agreement to purchase. In addition, they fail to challenge the trial court’s finding that plaintiff Weber had failed to state a right or a cause of action against the Morro Castle defendants or a cause of action against Torres. Accordingly, pursuant to Uniform Rules Courts of Appeal Rule 2-12.4 those arguments are deemed abandoned.
We agree with the trial court’s assessment that both the original and the supplementing and amending petitions are im-permissibly vague and that they fail to comply with the requirements of C.C.P. art. 891. As the trial court correctly noted, the plaintiffs failed to allege any kind of written agreement. Likewise, they failed to specifically allege any oral agreement, much less the parties to and the terms of any such oral agreement. Consequently, we find no error in the trial court’s granting of these exceptions.
Finally, we find Ogden to be on all fours with the case sub judice and find it dispos-itive as to the issue of whether Lobell has stated a cause of action against the I adefendants. Lobell’s allegations that the defendants committed various torts against him, including his conclusory allegations of fraud, do not result in his stating a cause of action against them. Lo-bell’s action is essentially one to enforce a right in immovable property. As there was no writing concerning any purported agreement between him and the defendants as to the French Quarter property, Ogden dictates that he has failed to state a cause of action.
For the foregoing reasons, we find no error in the trial court’s judgment of June 30, 2000. Accordingly, the judgment granting the dilatory and peremptory exceptions of Sidney Torres, IV, Morro Castle, L.L.C., and Morro Castle Condominiums, and dismissing plaintiffs’ claims against them, with prejudice, is affirmed.
AFFIRMED.

. Throughout his brief, appellant counsel refers to the plaintiff(s) in both singular and plural terms. In addition, plaintiff Weber is not mentioned anywhere in the body of the plaintiffs' original or supplemental petitions or in the body of appellants' brief.

. Plaintiffs cite no specific local rule in support of this argument.

. Counsel for appellants only appeared on behalf of plaintiff Lobell at the June 2, 2000 hearing.