288 So.2d 98 (1974)
Richard GROS
v.
Kenneth D. COMEAUX et al.
No. 5966.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
Gordon Hackman, Boutte, for plaintiff-appellee.
Robert Payton, Christovich & Kearney, New Orleans, for defendant-appellant.
Before REDMANN and STOULIG JJ., and FLEMING, J. Pro Tem.
REDMANN, Judge.
Plaintiff appeals from a summary judgment dismissing the alleged insurer of the other automobile involved in a Louisiana collision in which plaintiff was injured.
The petition alleged the insurer, through a Texas agent, insured an automobile bearing Texas license plates and owned by two persons, one domiciled in Texas and one in Louisiana.
The insurer moved and obtained summary judgment on a factually undisputed showing that, although it had issued a 30-day binder to the Texas resident and several extensions, the last ten-day extension expired two days before the accident.
Plaintiff argued (in the form of a counter-affidavit which does not show plaintiff's competency to execute it, as required by C.C.P. art. 967) that the insurer was aware the car was being used in Louisiana yet "did not give the notices required by Louisiana law for termination of policies *99 and no notice of cancellation was ever delivered" to the insured.
The binder was not cancelled but expired. Thus Louisiana's law requiring notice of cancellation is not applicable.
Conceivably a binder (if a "policy") might be subject to non-renewal notice requirements of La.R.S. 22:636.1, and like the policy in Auto Owners Ins. Co. v. Freret, La.App. 1973, 280 So.2d 638, remain in force in the absence of the required notice. But that statute is only applicable to policies "delivered or issued for delivery in this state, insuring a single individual or husband and wife resident of the same household * * *."
From the pleadings and affidavit it is undisputed that this insurance was issued in Texas to insure a Texas resident. Use of the car in Louisiana is not the test of La.R.S. 22:636.1. That statute's requirement of notice of non-renewal is by its terms not applicable.
The judgment is affirmed.