393 So.2d 880 (1981)
JEFFERSON BUSINESS SERVICE, INC.
v.
OLIVETTI CORPORATION OF AMERICA, C.I.T. Financial Services Corporation and Robert J. Vallon.
No. 11475.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1981.
*881 Joseph T. Casey, Casey, Babin & Casey, New Orleans, for defendant-appellant C.I.T.
Gordon S. Patton, Gretna, for plaintiffappellee.
Patrick M. Reily, New Orleans, for defendant-appellee Olivetti.
Before GULOTTA and SCHOTT, JJ., and C. LENTON SARTAIN, Assigned Judge.
SCHOTT, Judge.
This appeal is by C.I.T. Financial Services Corporation from a dismissal of its third party demand against Olivetti Corporation of America on an exception of no cause of action. Thus, the only issue is whether C.I.T.'s third party petition states a cause of action.
The principal demand was filed by Jefferson Business Services, Inc. against Olivetti, C.I.T. and Robert J. Vallon for rescission of a lease of an accounting system. Jefferson alleged that it leased the system from C.I.T. after being solicited by Olivetti's agent, Vallon. The plan was for Olivetti to sell the system to C.I.T. which, in turn, would lease it to Jefferson. In the lease agreement signed by Jefferson was a typed provision allowing Jefferson to return the system to C.I.T. after the first 24 months, although the printed lease form provided for a 60-month lease term. After using the system for the first 24 months and being dissatisfied with the system's performance and the service Olivetti provided, Jefferson notified C.I.T. of its decision to terminate the lease. Only then did Jefferson learn that the typed provision had been inserted on Jefferson's copy of the form by Vallon who forged the signature of C.I.T.'s authorized representative on the form.
In response to the principal demand C.I.T. filed an answer, reconventional demand and third party demand against Olivetti and Vallon, seeking to recover the balance of the purchase price it had paid Olivetti for the system. C.I.T. alleged that Vallon was "duly employed by and as agent for third party defendant, Olivetti, to lease" the system to Jefferson and that the lease form accepted by C.I.T. did not contain the typewritten 24-month provision which had been given to Jefferson. C.I.T. alleged that Vallon had perpetrated a fraud which he subsequently admitted to C.I.T. and prayed for damages and attorney fees against Olivetti along with Jefferson and Vallon.
Olivetti's exception of no cause of action was on the basis that "there are not facts alleged that if proved would make Olivetti responsible for the alleged forgery or fraudulent acts of the defendant Robert J. Vallon." This appeal is from the trial court's sustaining Olivetti's exception and dismissing C.I.T.'s third party demand against it.
In this court, Olivetti relies on Florence v. Clinique Laboratories, Inc., 347 So.2d 1232 (La.App. 1st Cir. 1977) and Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968), to support the trial court's judgment. In the Florence case, the court considered whether *882 Clinique was vicariously liable for the negligent conduct of two persons who sold plaintiff cosmetics to which she was allergic. The sales persons were employees of D. H. Holmes, a department store, but plaintiff attempted to hold Clinique liable on the theory that the sales persons were acting as Clinique's agents. In dismissing the case against Clinique the court stated 1) for Clinique to be liable vicariously for the negligent conduct of the sales persons a masterservant relationship must exist rather than merely an agency relationship; and 2) the essential feature in establishing an employer's vicarious liability is the right of control of the party and existence of a close relationship between the parties. Based on the facts in that case the court concluded that the sales persons were not the servants of Clinique.
Similarly, in the Blanchard case, the court found from the facts that Russo against whom plaintiff was attempting to establish vicarious liability for Ogima's conduct had little or no control over Ogima and concluded from the facts that Ogima was not the servant of Russo and consequently he was not liable for Ogima's negligence.
Olivetti's problem on this appeal is that the judgment was on an exception of no cause of action. In determining whether a pleading states a cause of action the allegations are accepted as true and every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the litigant an opportunity to present his evidence. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). The petition alleges that Vallon was an agent and an employee of Olivetti and had contracted on behalf of his employer, Olivetti, to lease the system to Jefferson. In addition, attached to and made part of the third party petition is a letter to C.I.T. from Vallon in which he states all the incidents leading up to the lease agreement took place while he was employed as a computer systems salesman for Olivetti. Thus, C.I.T. did allege that Vallon was an employee of Olivetti and not merely an agent as were the sales persons in the Florence case and Ogima in the Blanchard case.
However, Olivetti next relies on Lou Con, Inc. v. Gulf Building Service, Inc., 287 So.2d 192 (La.App. 4th Cir. 1973) for the proposition that Olivetti is not legally responsible for the criminal act of Vallon even if he was Olivetti's employee. The Lou Con case was decided after a trial on the merits in which all of the circumstances were considered to determine if Gulf's employee was acting in the exercise of the functions in which he was employed so as to make LSA C.C. Art. 2320 applicable to the situation. Clearly, the case gives no support to Olivetti's argument that the exception was properly sustained but it demonstrates that the issues raised by Olivetti on the exception will be more properly available to it in its answer and defense on the merits of the case.
Under C.I.T.'s allegations Vallon's fraud induced it to buy the system from Olivetti and lease it to Jefferson. C.I.T. seeks to recover from Olivetti the balance of the purchase price it paid to Olivetti. Since Olivetti benefitted from Vallon's fraud by collecting that purchase price C.I.T.'s cause of action is based in part on the following from Board of Commissioners of Orleans Levee District v. Shushan, 197 La. 598, 2 So.2d 35 (1941):
"Where fraud is alleged as a basis of the complainant's right to relief, all persons who participated in the alleged fraud and those who are its beneficiaries are proper parties to the suit." (emphasis added)
Having concluded that C.I.T. stated a cause of action in its third party demand against Olivetti, the judgment appealed from is reversed and set aside, and there is judgment in favor of third party plaintiff C.I.T. Financial Services Corporation and against third party defendant Olivetti Corporation of America, overruling Olivetti's exception of no cause of action. The case is remanded to the district court for further proceedings. All costs of this appeal are taxed against Olivetti Corporation of America with other costs to await the outcome of the case.
REVERSED AND REMANDED.