401 So.2d 403 (1981)
OUR LADY OF THE LAKE MEDICAL CENTER
v.
John CROPPER.
No. 14081.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
Rehearing Denied May 18, 1981.
Writ Denied September 11, 1981.
*404 Sera H. Russell, III, Baton Rouge, for plaintiff-appellee Our Lady of the Lake Medical Center.
Walton J. Barnes, Baton Rouge, for defendant-appellant John Cropper.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Defendant appealed from a judgment in favor of plaintiff for reimbursement of paid medical expenses.
The issues are: amendment of plaintiff's petition, conduct of the trial judge, and unjust enrichment.
We reverse and render.
Defendant was injured during the course and scope of his employment with Our Lady of the Lake Medical Center (OLOL). He received benefits, both hospital and medical, from September, 1975 until March, 1977 to a value of $8,800.00. The OLOL accounting office paid bills by issuing checks to the OLOL business office cashier and to defendant's physicians. Defendant was not billed directly. In July, 1977, OLOL submitted a claim for reimbursement to Insurance Company of North America, (INA). However, pursuant to its policy provisions, the insurer issued a draft in the amount of $7,661.76 to defendant. Defendant cashed the draft and did not pay OLOL. In July, 1979, OLOL filed suit against defendant claiming it was due $7,661.76 on an "open account" for medical services. Defendant filed exceptions of no right and no cause of action and prescription. The trial judge ruled that the indebtedness was not an open account and maintained defendant's plea of no right and no cause of action. He allowed plaintiff to amend its pleadings to state a cause of action against defendant. Plaintiff then sued for unjust enrichment. Following a trial on the merits, the judge overruled defendant's exception of prescription and granted judgment in favor of plaintiff on a theory of unjust enrichment.
Defendant claims the trial judge erred in instructing plaintiff to amend his petition to state a cause of action in unjust enrichment, in directing the testimony of the witnesses and in answering counsel's questions for the witnesses. Defendant's charges are without merit. The trial court has authority to order a party to amend his petition to state a cause of action in the interest of justice. LSA-C.C.P. Arts. 934, *405 1631.[1] Plaintiff raised the issue of unjust enrichment at pre-trial conference but neglected to amend his petition prior to trial. The judge did not err in ordering such amendment. There is no evidence the trial court abused its inherent power of supervision in the conduct of the trial. C.C.P. 1631, supra.
Defendant next contends plaintiff has failed to prove the prerequisites for an action in unjust enrichment. We find defendant's claim has merit. The action of unjust enrichment is based upon the principle that if unjust enrichment of one occurs at the expense or impoverishment of another, the value of enrichment must be restored. LSA-C.C. Arts. 21, 1965, 2293-3000. The jurisprudence requires that as a prerequisite to the action there be: an enrichment, an impoverishment, a connection between the enrichment and resulting impoverishment, an absence of justification or legal cause for the enrichment, and lack of another remedy of law. Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (La.1968).
We find plaintiff has not met this burden. We find both that defendant has not been enriched and that plaintiff had not been impoverished. By law, OLOL is obligated to provide for the medical expenses of its employees injured on the job. LSA-R.S. 23:1203. The expenses incurred by plaintiff and the doctor bills paid by it were in payment of its own obligations and defendant was not required to reimburse plaintiff. It could have protected itself by having insurance to repay it; and from the circumstances it seems that it thought it had that kind of insurance.[2] However, the policy entered into evidence unequivocally provides that it insured defendant, not plaintiff, that the benefits were payable to the defendant, not the plaintiff, and it was not "in lieu of and does not affect any requirement for coverage" for workmen's compensation insurance. For these same reasons we find that plaintiff has not been impoverished. Defendant was not obligated to repay plaintiff for the workmen's compensation benefits. INA had no obligation to pay plaintiff; its obligation was to defendant. It is difficult to reason that defendant became required to pay plaintiff from the insurance proceeds. It is true that evidently plaintiff secured and paid for the medical payments insurance coverage for its employees, but the policy provisions prevented it being considered as the type of insurance plaintiff evidently thought it was. Furthermore, medical payment policies may be obtained and often are that are payable without regard to workmen's compensation benefits. There has been no evidence of any assignment or subrogation agreement to which defendant was a party.
The above reasoning obviates the necessity of considering the other requirements for unjust enrichment for appellant's other assignments of errors.
For the above reasons, the judgment of the trial court is reversed and it is now ordered, adjudged and decreed that there be judgment in favor of defendant, John Cropper, and against Our Lady of the Lake
*406 Medical Center dismissing plaintiff's suit at plaintiff's costs.
REVERSED AND RENDERED.
NOTES
[1] C.C.P. Art. 934:

"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
C.C.P. Art. 1631:
"The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.
On its own motion the court may, and on request of a party the court shall, order that the witnesses, other than parties, be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interest of justice, the court may exempt any witness from its order. As amended Acts 1966, No. 36 § 1."
[2] It has a policy with another company covering plaintiff's obligation to pay workmen's compensation.