421 So.2d 353 (1982)
Rudolph SCHOEMANN, III
v.
TURNWOOD DEVELOPMENT CORP, et al.
Rudolph Robert SCHOEMANN, III
v.
Charles B. MORSE, et al.
Nos. 15092, 15093.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*354 Rudolph Schoemann, New Orleans, for Rudolph Schoemann, III, appellant.
Howard Marks, New Orleans, for Sandra T. Rouse, Alvin Faucheux, d/b/a Turn wood Dev. Corp., appellee.
W. Marvin Hall, Metairie, for Am. Mutual Liability Ins. Co. and Am. Mutual Ins. Co. of Boston, appellees.
Henry L. Klein, New Orleans, for Gary J. Rouse, appellee.
France Watts, III, Franklinton, for Charles T. Morse, appellee.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
Plaintiff-appellant in these consolidated cases, Rudolph Schoemann, III, appeals the judgment of the trial court dismissing, on a motion for summary judgment, its action against defendant-appellees, American Mutual Liability Insurance Company and American Mutual Insurance Company of Boston.
Plaintiff-appellant was injured in an automobile accident on March 27, 1980, allegedly while in the course and scope of his employment. On March 26, 1981, he filed a suit for workmen's compensation benefits against his alleged employers, Alvin Faucheux, doing business as Turnwood Development Company, and Turnwood Development Corporation (hereinafter referred to as "Turnwood") and against their alleged insurers, American Mutual Liability Insurance Company and American Mutual Insurance Company of Boston (hereinafter referred to as "insurers"). Also named as defendants were Sandra T. Rouse and Gary J. Rouse. On the same date, plaintiff filed a tort suit against Charles B. Morse, the driver of the other vehicle, Mr. and Mrs. Charles T. Morse and their automobile liability insurer, State Farm Mutual Automobile Insurance Company.[1]
On June 11, 1981, the insurers in the workmen's compensation suit moved for summary judgment, contending that the policy which American Mutual Liability Insurance Company had issued to Turnwood had expired prior to the accident in which plaintiff was injured. In support of their motion, the insurers filed an affidavit of John A. Durden, their District Underwriting Manager. A hearing on the motion was set for September 18, 1981. Neither plaintiff nor his attorney appeared at the hearing. The trial court then granted the insurers' motion for summary judgment. Plaintiff subsequently moved for a new trial, which was denied. Plaintiff then timely appealed to this court seeking reversal of the summary judgment.
Appellant makes several assignments of error on appeal. However, the only issue posed by those assignments is whether or not the trial court erred in granting the motion for summary judgment in the absence of proof that notice of cancellation of the policy was mailed to Turnwood.
The only items of evidence in the record with regard to the motion for summary judgment are the affidavit of Mr. Durden, the endorsement pages of the workmen's compensation policy issued by American Mutual Liability Insurance Company to Turnwood, and a copy of a notice of non-renewal addressed to Turnwood. In his affidavit, Durden states that a workmen's compensation policy was issued to Turnwood for the policy period of January 27, 1979 to *355 January 27, 1980. He further states that Turnwood failed to pay its renewal premium, resulting in the lapse of coverage. Durden also deposed that no policy of workmen's compensation insurance had ever been written on behalf of Turnwood by American Mutual Insurance Company of Boston. Durden did not state that the notice of non-renewal had actually been mailed to Turnwood.
The endorsement pages of the policy clearly show that its expiration date was January 27, 1980. The copy of the notice of non-renewal states that the policy was not being renewed due to failure of Turnwood to pay the premium.
Appellant contends that the trial court erred in granting summary judgment in the absence of proof that notice of cancellation was mailed to Turnwood by defendants. Appellant argues that the mover has the burden of proving the necessary facts to entitle him to "judgment as a matter of law" and that appellees failed to do so in the instant case.
It is well established that the burden of proof with respect to a motion for summary judgment rests with the moving party and any doubt must be resolved against granting a motion. Blount v. Exxon Corp., 395 So.2d 355 (La.App. 1st Cir.1981). However, if the moving party comes forward with specific facts which, by themselves, would resolve all genuine issues of material fact and entitle him to judgment as a matter of law, then the burden shifts to the opposing party, who may not rest on his pleadings, but must "by affidavits or otherwise" show that there is a genuine issue for trial. La.Code of Civ.Proc. arts. 966-967; Delta Nat. Bank of Yazoo City v. Holder, 398 So.2d 1072 (La.1981); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980).
In the instant case, appellant relies on La.R.S. 22:636 in arguing that the insurers did not carry their burden of proof since they did not come forward with proof of mailing of the notice of cancellation. La.R.S. 22:636 provides in pertinent part as follows:
A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.
(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.
B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.
C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.
Appellant's argument, however, ignores a very important point, i.e., the policy in this case was not cancelled but expired by its own terms. See Arceneaux v. Broussard, 319 So.2d 846 (La.App. 1st Cir.1975); Gros v. Comeaux, 288 So.2d 98 (La.App. 4th Cir.1974). When a policy expires, rather than is cancelled, no notice of the lapse of the policy's provisions is required. Arceneaux v. Broussard, supra; Gros v. Comeaux, supra.
In Arceneaux, supra, Judge Barnette writing for the court aptly stated:
"This is clearly not a situation which invokes the provisions of the statute relative *356 to cancellation. Cancellation is, as the trial judge aptly defined, a `disruption' or `termination' of coverage and when initiated by the insurer requires that the notice prescribed by the statute be given. The insurer is under a duty of strict compliance in that situation. This is instead an expiration of the period for which the policy was written and the coverage contracted. The expiration was not because of a default or an act done by the insurer, but on the contrary the policy was allowed to expire by the insured after the insurer had timely notified the insured that it would expire on July 16, if not renewed by the payment of an additional premium. The insurer did not cancel." (Emphasis omitted.)
In the instant case, the insurers were not under an obligation to mail Turnwood notice of cancellation. Hence, Mr. Durden's affidavit stating that no workmen's compensation policy had ever been issued to Turnwood by American Mutual Insurance Company of Boston and that the policy issued by American Mutual Liability Insurance Company had lapsed prior to the accident are sufficient proof that no coverage was provided by the insurers at the time of the accident. Therefore, the trial court was correct in concluding that no genuine issue existed for trial and that the insurers were entitled to summary judgment. See Sanders v. Hercules Sheet Metal Inc., supra.
For the above reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] While the record in the tort suit was sent up, there was no appeal filed therein. This appeal involves solely the granting of the summary judgment in the workmen's compensation suit.