423 So.2d 67 (1982)
Merlin L. BROUSSARD, Sr.
v.
Sid B. HENRY, d/b/a Sid's Diesel Service.
No. 82-CA-0168.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
*68 Mac Trelles, Jr., Baton Rouge, for plaintiff.
Victor J. Versaggi, Patterson, for defendant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiff, Merlin L. Broussard, Sr., appeals the lower court's decision granting summary judgment to the defendant, Sid B. Henry, d/b/a Sid's Diesel Service.[1]
Broussard sued Henry to recover past wages allegedly owed him. In a supplemental petition, Broussard alternatively sought his share of partnership profits from the sale of two vessels by the partnership between Henry and Broussard. Broussard also claimed unjust enrichment and breach of contract by Henry.
Henry filed a motion for summary judgment. The lower court ruled that the existence of the partnership between Henry and Broussard precluded an employer-employee relationship and granted summary judgment dismissing the wages claim. The court also granted summary judgment as to *69 Broussard's claim for partnership profits, finding his share precluded by the Dissolution of Partnership agreement signed by Broussard and Henry. The suit was dismissed with prejudice against the plaintiff.
On appeal, Broussard raises two questions. First, whether the lower court erred in finding no genuine issue of material facts regarding the claims for wages and partnership profits. Second, whether the lower court erred in failing to consider and rule on the alternative claims of unjust enrichment and breach of contract.
We affirm the lower court's summary judgment dismissing the claim for wages. We dismiss the plaintiff's claims for breach of contract and unjust enrichment. However, this court reversed the summary judgment dismissing the plaintiff's claim for partnership profits.

BACKGROUND FACTS
On or about February 21, 1975, Broussard and Henry entered into a verbal business relationship. The deposition of Broussard indicates that he understood he was entering a partnership, entitled to 50% of all profits.
The purpose of the partnership was to construct and sell tugboats. Broussard, a welder, was in charge of the actual construction of the vessels. Henry handled the financing, the ordering of supplies and other administrative matters. The boats were to be constructed at Henry's facilities, known as Sid's Diesel Service.
Broussard promptly began building the first vessel, the "Captain Louis." He did the majority of the construction by himself, although part-time help was used. The "Captain Louis" was completed in December, 1975, and passed its sea trials. However, it was not sold. Subsequently, a second boat, the "Miss Ida," was begun in January, 1976. A prospective purchaser signed a contract to buy the "Miss Ida" from the partnership in February, 1976. A down payment was also made. The "Miss Ida" was completed in late June and accepted by the purchaser, who paid the remaining balance.
However, at this time, Henry informed Broussard that the partnership was bankrupt. The "Captain Louis" had still not been sold. Broussard then signed the Dissolution of Partnership agreement on July 19, 1976, in which he transferred his interest in the partnership to Henry in exchange for a release of any partnership liability. Subsequent to the dissolution, the "Captain Louis" was sold.

CLAIM FOR WAGES
The lower court held that the existence of a partnership between Henry and Broussard precluded an employer-employee wage relationship. We find no error in the lower court's conclusion that the parties knew and understood that they were partners. Summary judgment was therefore proper as to Broussard's claim for wages, since there was no genuine issue of material fact as to the existence of an employer-employee relationship.

CLAIM FOR PARTNERSHIP PROFITS
The lower court held there was no indication or allegation that the Dissolution Agreement was not fully and agreeably entered into by the parties. It therefore granted summary judgment against Broussard's claim for partnership profits.
But, in fact, Broussard did allege in his memorandum opposing summary judgment that Henry misrepresented the financial condition of the partnership to induce his signing of the agreement. Broussard's supporting affidavit also alleged that Henry's wife, who was the bookkeeper and partowner of Sid's Diesel Service, had "juggled the money in their favor." Moreover, in his deposition, Broussard alleged he was "set up" in his dealings with Henry.
Subsequent to Broussard's memorandum, Henry filed his memorandum and affidavits in support of summary judgment. However, Henry did not address the misrepresentation allegation raised by Broussard's earlier memorandum. A copy of the dissolution agreement was attached, but this by itself does not resolve the issue of misrepresentation.
*70 A party seeking a summary judgment has the burden of showing the complete absence of a genuine issue of material fact. All doubts as to the absence will be decided in favor of a trial on the merits and no summary judgment will be granted, even if the trial court has grave doubts regarding a party's ability to establish disputed facts. Jones v. American Bank & Trust Co., 387 So.2d 1360 (La.App. 1st Cir. 1980).
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all genuine issues of fact. If insufficient, summary judgment must be denied. If sufficient, the burden then shifts to the opposing party to present evidence showing that material facts are still at issue. At this point, the opposing party may no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980); LSA-C.C.P. Art. 967.
The validity of the dissolution agreement is a material fact in this case, because it determines the viability of Broussard's claim for partnership profits. Broussard's memorandum in opposition, affidavit and deposition raised the issue as to whether he was fraudulently induced to sign the Dissolution Agreement. The subsequent pleadings by Henry in support of summary judgment failed to resolve this issue of material fact. Therefore, summary judgment must be denied. The lower court's decision granting summary judgment dismissing Broussard's claim for partnership profits is reversed.

PLAINTIFF'S OTHER CLAIMS
In his supplemental petition, Broussard alleged he and Henry entered into a verbal contract for labor that Henry breached by failing to compensate him for services performed. However, the lower court correctly found that the parties formed a verbal partnership. The contract claim is therefore dismissed.
Broussard also asserted that Henry had been unjustly enriched by his uncompensated labor in building the tugboats. Assuming arguendo that the partnership dissolution agreement is invalid, Broussard would then have recourse as a partner to obtain compensation for his services. A claim for unjust enrichment would be improper in this situation, because one of its prerequisites is the lack of another remedy at law. Our Lady of Lake Med. Ctr. v. Cropper, 401 So.2d 403 (La.App. 1st Cir. 1981), cert. denied, 404 So.2d 279 (La.1981). If the dissolution agreement is valid, Broussard would not have recourse as a partner, but a claim for unjust enrichment would again be improper because another of its prerequisites is the absence of justification or legal cause for the enrichment. Our Lady of Lake Med. Ctr. v. Cropper, supra. Thus, plaintiff's claim for unjust enrichment is dismissed.

DECREE
The lower court's decision granting summary judgment dismissing the claim for wages is affirmed. The claims for breach of contract and unjust enrichment are dismissed. The lower court's decision granting summary judgment dismissing Broussard's claim for partnership profits is reversed and the case is remanded for further proceedings. Costs of this appeal are assessed against the defendant, with other costs to await final disposition.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] Subsequent to the initiation of this suit, Henry died. On September 9, 1981, Eula Aucoin Henry, testamentary executrix, was substituted as defendant.