448 So.2d 225 (1984)
CAPITAL BANK & TRUST CO.
v.
Dorothy O'Connor WALL and Carolyn Jane Wall.
No. 83 CA 0586.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Hampden R. White, Baton Rouge, for plaintiff-appellee Capital Bank & Trust Company.
Stuart R. Thomson, Baton Rouge, for defendants-appellants Dorothy O'Connor Wall and Carolyn Jane Wall.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Dorothy O'Connor Wall and Carolyn Jane Wall (defendants) appeal the trial court's decision which granted a summary judgment in favor of Capital Bank & Trust Co. (plaintiff).
Plaintiff sued defendants for $25,000.00 for damages allegedly resulting from defendants' fraudulent misrepresentation. Its petition alleges that:
On or about September 17, 1982, Thomas Alexander, President of Power Packing Company, signed a check drawn on the corporation's account at Capital Bank & Trust Co. in the amount of $25,000.00, made payable to the order of Rudolf Wolff. Mr. Alexander, on that date, gave the check to his assistant, Perry Vass, for processing and mailing. Mr. Vass gave the signed check, with a sample letter showing Mr. Wolff's mailing address, to Carolyn Jane Wall, in her capacity as secretary of Power Packing Company, and instructed her to mail the check to Mr. Wolff.
The defendant, Carolyn Jane Wall, gave the check to her mother, the defendant, Dorothy O'Connor Wall.
On or about September 20, 1982, the defendant, Dorothy O'Connor Wall, presented the subject check for payment at Petitioner's Main Street Branch, forging the endorsement of Marie Wolff on the back of the subject check with the knowledge that the endorsement of Rudolf Wolff on the back of the check was not the payee's signature. Because the check was for such a large amount, she was referred to the branch manager, Paul Villemarette. The defendant, Dorothy O'Conner (sic) Wall, fraudulently represented to Mr. Villemarette that she was Marie Wolff, wife of Rudolf Wolff; and that her husband had been injured in a work-related accident and said the check was payment for workmen's compensation benefits to enable them to pay his hospital and doctors' bills.
Mr. Villemarette refused to cash the check at this time and asked the defendant, Dorothy O'Conner (sic) Wall, to *226 bring the various hospital bills to his office, at which time he would consider having her endorse the check and issue Petitioner's checks to the various hospitals and doctors.
On or about September 21, 1982, the defendant, Dorothy O'Conner (sic) Wall, representing herself to be Marie Wolff, wife of the payee, Rudolf Wolff, again came to the Petitioner's Main Street branch, Baton Rouge, Louisiana. She fraudulently advised Mr. Villemarette that her husband, Rudolf Wolff, insisted upon getting cash for the September 17, 1982 check in the amount of $25,000.00 and suggested that he verify the check by calling the office of the Power Packing Company. Mr. Villemarette then called the Power Packing Company to verify the authenticity of the check being presented by the defendant, Dorothy O'Conner (sic) Wall. He was advised by the defendant, Carolyn Jane Wall, the only person in the business office at that time, that Mr. Alexander was out, but she was familiar with the check, that it was authentic, in proper order, was due and owing to Rudolf Wolff, who had been injured on the job and the check represented compensation benefits.
At or about 12:28 P.M. on that date, Mr. Villemarette had the defendant, Dorothy O'Conner (sic) Wall, who had represented to him that she was Marie Wolff, wife of the payee, endorse the check and delivered $25,000.00 to her, thinking she was Marie Wolff, wife of the payee, Rudolf Wolff, and that the check had been properly endorsed by her alleged husband and payee, Rudolf Wolff.
The defendant, Carolyn Jane Wall, over the telephone on September 21, 1982, during the noon hour, fraudulently misrepresented to Paul Villemarette, Branch Manager of the Petitioner's Main Street branch, that she was a person named Kathy Grant; the said defendant also fraudulently misrepresented to Mr. Villemarette that the September 17, 1982 check for $25,000.00, made payable to Rudolf Wolff, was a check for workmen's compensation benefits and was in proper order to be cashed by the defendant, Dorothy O'Conner (sic) Wall, with whom she wrongfully conspired and whom she knew to be an imposter and/or forger of the endorsements of Rudolf Wolff and Marie Wolff on the said check.
Defendants' answer consisted of a general denial which admitted only their residency. Plaintiff then filed a motion for summary judgment and attached the affidavits of Villemarette, Vass, and Alexander. Defendants answered said motion and attached their affidavits wherein they denied the allegations of plaintiff's affidavits and further stated that they could not in detail answer every single allegation as this would prejudice them in their pending criminal case. The trial judge granted plaintiff's motion, finding that the affidavits filed by defendants did not put at issue any material fact and that plaintiff was entitled to judgment as a matter of law.
Defendants say that the trial court erred in granting plaintiff's motion for summary judgment.
A motion for summary judgment should be granted when it is shown that no genuine issue as to material fact exists and that the movant is entitled to judgment as a matter of law. The moving party has the initial burden of proving his entitlement to summary judgment. However, when a motion for summary judgment is made and supported, the adverse party cannot rest on the mere allegations or denials of his pleading but must set forth by affidavit or otherwise specific facts that show that a genuine issue for trial exists. The burden shifts to the opposing party to show that material facts are still at issue. La.C.C.P. arts. 966 and 967; Mashburn v. Collin, 355 So.2d 879 (La.1977); Waddell v. Bickham, 431 So.2d 59 (La.App. 1st Cir.1983); Broussard v. Henry, 423 So.2d 67 (La.App. 1st Cir. 1982); Schoemann v. Turnwood Development Corp., 421 So.2d 353 (La.App. 1st Cir.1982).
In the instant case, defendants did not oppose plaintiff's motion for summary judgment by setting forth any facts which *227 showed that a genuine issue for trial existed. Instead, they merely denied all of plaintiff's factual allegations and claimed the Fifth Amendment privilege against self incrimination. The United States Supreme Court has addressed this issue and stated that "while the assertion of the Fifth Amendment privilege against compulsory self-incrimination may be a valid ground upon which a witness ... declines to answer questions, it has never been thought to be in itself a substitute for evidence that would assist in meeting a burden of production." United States v. Rylander, 460 U.S. 752, 103 S.Ct. 1548, 1552-53, 75 L.Ed.2d 521 (1983). Defendants' assertion of the privilege is not a substitute for relevant evidence. Defendants failed to meet their burden of producing specific facts which would indicate that material facts were still at issue. Therefore, the trial court correctly concluded that no genuine issue for trial existed.
A cause of action for intentional fraudulent misrepresentation as to present or past facts exists in Louisiana. Bunkie Bank & Trust Co. v. Johnston, 385 So.2d 1264 (La.App. 3rd Cir.1980). The petition contains adequate allegations of fact to support a lawsuit for fraudulent misrepresentation. The affidavits of Villermarette, Vass, and Alexander, which completely support plaintiff's allegations as set forth above, have not been controverted in any way, so no issue of genuine fact was presented. Summary judgment in plaintiff's favor was proper as a matter of law. The judgment of the trial court is affirmed at defendants' costs.
AFFIRMED.