458 So.2d 964 (1984)
Mrs. Bernice M. DOHM
v.
Michael H. O'KEEFE, Ben Daly Bridgeman, Edmond G. Miranne Apartment Housing Corporation, Darryl D. Berger, David R. Burrus, Joseph E. Berrigan, Jr. and The Bridgeman-O'Keefe-Miranne, Metairie Towers Partnership.
No. CA-1628.
Court of Appeal of Louisiana, Fourth Circuit.
October 3, 1984.
*965 Chaffe, McCall, Phillips, Toler & Sarpy, E. Harold Saer, James A. Babst, Marc G. Shachat, New Orleans, for appellant.
John R.R. Martzell, Charles E. McHale, Jr., New Orleans, for appellees.
Before GULOTTA, BARRY and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiff has sued a multiplicity of defendants, asserting many causes of actions. The focus of this appeal is upon her right of action to sue certain defendants, viz., Apartment Housing Corporation, Old Metairie Ltd., Darryl Berger, and David Burrus. The trial court maintained an exception of no right of action raised by the above named defendants, and dismissed these defendants from the suit. Plaintiff appeals. We reverse.
The Bridgeman-O'Keefe-Miranne Partnership (BOM) is a Louisiana partnership in commendam. Appellant is a limited partner to the extent of 14.5%.
This action arises out of the sale of an apartment building which was the principal asset of BOM. The apartment building was sold to Apartment Housing Corporation, a Louisiana corporation, whose principal stockholders are Darryl Berger and David Burrus. On the same day the apartment building was purchased, it was transferred by Apartment Housing Corporation to Old Metairie Limited, a Louisiana partnership in commendam, in which Messrs. Berger and Burrus are partners.
Plaintiff has alleged that, in connection with the sale of the apartment building, Apartment Housing Corporation, Old Metairie, Ltd., Darryl Berger and David Burrus, along with the general partners in BOM, participated in a scheme to defraud the Partnership and the limited partners. Appellees pleaded the peremptory exception of no right of action arguing that plaintiff, as only one of a number of limited partners, does not have standing to file suit for damages and nullity of a real estate transaction between the Partnership and third parties.
Appellees assert that the causes of action pursued against them by plaintiff belong exclusively to the partnership. Because plaintiff is a limited partner, appellees argue, she does not have authority to act for the partnership and, therefore, has no right of action against appellees. We disagree.
Plaintiff alleges that she is a victim of a scheme to defraud. Involved in that scheme, she alleges, are the general partners of BOM and appellees. On the basis of La.C.C. Art. 2324 plaintiff asserts that the defendants, by conspiring to defraud, are solidarily liable. La.C.C. Art. 2324 provides:
Art. 2324. Liability for assisting or encouraging wrongful act
He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.

* * * * * *
Where fraud is alleged as a basis of the complainant's right to relief, all persons who participated in the alleged fraud and those who are its beneficiaries are proper parties to the suit. Jefferson Business Service, Inc. v. Olivetti Corporation of America, 393 So.2d 880 (La.App. 4th Cir. 1981); Board of Com'rs of Orleans Levee Dist. v. Shushan, 197 La.598, 2 So.2d 35 (1941).
The exception of no right of action, La.C.C.P. Art. 927(5), raises the question of whether the plaintiff has any interest in enforcing judicially the right asserted, and whether he has the capacity to bring the action. Lambert v. Donald G. Lambert Construction Co., 370 So.2d 1254 (La.1979). The exception of no right of action does not question the plaintiff's ability to succeed in his allegations, nor does it question the plaintiff's actual damages. Smith v. Livingston Parish Police Jury, *966 423 So.2d 5 (La.App. 1st Cir.1982). In considering this issue, we are mindful that the articles of our code of civil procedure are to be construed liberally and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. La.C.C.P. Art. 5051. In this regard, we are reminded that fraud vitiates all things, and the law furnishes a remedy against fraud, when exposed, whatever guise it may assume. Todt v. Todt, 237 La.168, 110 So.2d 566 (1959); Board of Com'rs of Orleans Levee Dist. v. Shushan, supra.
In this case plaintiff clearly has an interest in seeking to enforce her claim that she has been defrauded. Plaintiff's status as a limited partner does not strip her of the capacity to sue to protect her interests. Both sides have cited the Comment to La.C.C. Art. 2843:

Comment
This article continues the basic principle that a partner in commendam may not exercise the same rights and privileges available to a general partner. His role is that of a passive contributor whose powers are generally restricted to the protection of his interest.
We recognize plaintiff's right to file suit to protect her partnership interest. We find that plaintiff's right of action extends to appellees who are alleged to be participants in and beneficiaries of a scheme to defraud.
Appellees argue that this result flies in the face of the codal structure of limited partnerships and will create confusion and uncertainty. We think not. By adopting the present structure for partnerships in commendam our legislature did not intend to create a procedural barrier against limited partners who claim to be the victims of wrongdoing. Surely the legislature did not intend to sanction fraud.
We have found that plaintiff has an interest in the subject matter of the suit and possesses the legal capacity to sue to protect her interest. We hold that the exception of no right of action was improperly maintained, and therefore, reverse.
Accordingly, the judgment appealed is reversed, and the matter is remanded for further proceedings consistent with this opinion. All costs of these proceedings in this court are to be borne by appellees.
REVERSED AND REMANDED.
BARRY, J., assigns additional reasons.
BARRY, Judge, assigns additional reasons.
This matter involves two distinct questions. Can a limited partner allege a fraudulent sale of partnership property to a third party and sue to nullify the sale? Does a limited partner have a right to sue for damages from the alleged fraudulent third party purchaser?
The concept of limited liability for a limited partner in return for non-participation in partnership affairs is a reasonable quid pro quo. However, this does not stop a limited partner from participating or interfering in the partnership's business. To do so simply means the limited partner waives his liability immunity and is treated as a general partner.
There is no statutory prohibition against any type of partner seeking legal redress if a general partner(s) allegedly conspires with a third party to defraud the partnership. Such a restriction (gag) on a limited partner would effectively condone such conduct.
This limited partner's lawsuit certainly can't be considered "dealing" with the third parties, as appellee suggests. Nor is C.C. art. 2843[1] applicable since the limited partner's lawsuit to protect her investment is not an effort "to conduct any business with third parties on behalf of the partnership." Nor is this an effort at piecemeal dissolution of the partnership if the sale is nullified. Further, Jeffries v. Moore, 219 La. *967 692, 53 So.2d 898 (La.1951), relied on by appellee, involved a suit (not on fraud) between partners (not a third party) and is inapplicable.
It can hardly be said, as appellee claims, that this limited partner is suing "for the benefit of the partnership." That's impossible since the general partners are participants in the alleged fraudulent transfer and could lose almost $3 million.
Appellees would have this limited partner wait for the general partners to protect her interestsan impossible happening considering the allegations.
Under these circumstances appellant had no choice and certainly the right to sue those who allegedly defrauded her partnership interest. The comment to C.C. art. 2843 succinctly says the limited partner's role is "generally restricted to the protection of his interest." I agree.
NOTES
[1] A partner in commendam does not have the authority of a general partner to bind the partnership, to participate in the management or administration of the partnership, or to conduct any business with third parties on behalf of the partnership.