499 So.2d 1301 (1986)
HOME INDEMNITY COMPANY, INC.
v.
Joseph P. BOE, Jr.
No. CA-5487.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
*1302 Joseph P. Boe, Jr., in pro per.
Lawrence A. Mann, Hammett, Leake & Hammett, New Orleans, for Home Indem. Co., Inc.
Before KLEES, WARD and WILLIAMS, JJ.
WARD, Judge.
Home Indemnity Company, Inc. appeals a judgment denying its claim against Joseph R. Boe, Jr. for recovery of $4,815.80 which it indemnified his employer H.B. Fowler & Company for Boe's mismanagement of payroll funds. Finding that Home Indemnity has proven that Boe fraudulently committed acts which led to financial losses for H.B. Fowler, we reverse.
The trial record shows that from late 1973 to May of 1974 Boe worked as a project superintendent for Fowler in connection with the construction of a fuel unloading facility on the Mississippi River near Helena, Arkansas. Boe's job responsibilities included hiring a crew to work the site, keeping a record of time and hours worked by that crew and signing the payroll checks for everyone working on the job.
By late April 1974 Fowler became aware that there was more money being spent than had been calculated as required for the project. Ben White, the general superintendent of Fowler, was sent to the job site to investigate. Part of his investigation included an inspection of the payroll records to determine whether the people listed on the payroll were actually working on the job. His investigation revealed that two pile drivers named J.J. Blevines and W.W. Blevines, who were on Boe's payroll and received checks signed by Boe, did not exist. White could not find them at the job site, and they did not come to pick up their own paychecks, nor did they live at the addresses listed on their W-2 forms. White also checked the business agent for the pile drivers union in Baton Rouge and Arkansas state labor records, and he found no such persons. When White confronted Boe and asked him who the Blevineses were, Boe responded that they were his "grandchildren." Despite the nonexistence of the Blevineses, the payroll checks issued to them totaled $5,065.80 between December 12, 1973 and May 1, 1974. As a result of this finding, Fowler terminated Boe.
Having a fidelity bond with Home Indemnity, Fowler recovered $4,815.80, the total amount of payroll checks issued to the Blevineses, less a $250.00 deductible. Home Indemnity now seeks to recover that amount from Boe. The Trial Judge dismissed Home Indemnity's suit at its cost. No reasons were given in the judgment by the court. Home Indemnity appeals, arguing that it has proven by a preponderance of the evidence that Boe fraudulently committed acts which led to financial losses for Fowler. Boe answered the appeal and denied all the allegations made by Home Indemnity.
Legal fraud requires both an intent to defraud or gain an unfair advantage as well as actual or probable damage. La. C.C. art. 1953; Stern v. Kreeger Store, Inc., 463 So.2d 709 (La.App. 4th Cir.1985). Fraud need only be proven by a preponderance of the evidence and may be established by circumstantial evidence. La. C.C. art. 1957.
Our review of the trial record convinces us that Boe knew the Blevineses were "payroll ghosts" and that he put them on the payroll with the intent of defrauding his employer and his acts led to a $5,065.80 loss for his employer. We therefore find that Home Indemnity proved by a preponderance of the evidence that Boe fraudulently created a $5,065.80 loss to H.B. Fowler. Home Indemnity, having paid Fowler $4,815.00 for the loss, is entitled to a judgment against Boe in that amount plus legal interest. Thus, we reverse the Trial Court judgment and enter *1303 judgment in favor of Home Indemnity. All costs are to be paid by Boe.
REVERSED.