542 So.2d 700 (1989)
Zealous PITTMAN
v.
Alan PIPER and Marilyn S. Piper.
No. 88-CA-2162.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1989.
*701 Dwight W. Norton, New Orleans, for appellees.
John L. Dorsey, New Orleans, for appellant.
Before KLEES, BYRNES and WARD, JJ.
BYRNES, Judge.
Zealous Pittman appeals a judgment maintaining exceptions of vagueness and no cause and/or right of action and dismissing his claims against Marilyn S. Piper. We reverse.
In June of 1987, Zealous Pittman towed a 1983 Celebrity Chevrolet owned by Alan C. Piper to Pittman's Auto Repair. Alan and Stacy Piper filed suit against Pittman in Civil District Court, Orleans Parish, claiming that Pittman refused to return the automobile which Pittman repaired without authorization. The Pipers claimed that the car had been towed only for estimating repair costs; however, Pittman had replaced the engine and refused to return the vehicle without payment of $1,000. This suit was settled under the terms that Pittman would return Alan Piper's car upon receipt of $800.00.
Alan Piper made payment with two $400.00 checks. On one Marilyn Piper was the maker. On the other New Orleans Auxiliary Navy Relief Society was the maker. Each check was made to the order of Zealous Pittman and hand delivered to Pittman by Alan Piper. Upon receipt of the checks, Pittman released his repairman's lien and returned the automobile to Alan Piper. Thereafter, stop payment orders were issued on both checks and Pittman was unable to cash them.
Pittman brought suit in First City Court of New Orleans against Alan Piper and Marilyn Piper on January 1, 1988. The record indicates that Marilyn Piper, mother of Alan Piper, was served but Alan Piper was not served with this suit. Marilyn Piper filed exceptions of vagueness and no cause and/or right of action. The trial court granted the exceptions and dismissed plaintiff's suit against Marilyn S. Piper with prejudice. Pittman appeals that judgment.
On appeal Pittman claims that the trial judge erred in granting the exceptions and failing to find a cause of action against the maker of a check who ordered stop payment.

CAUSE OF ACTION
Plaintiff asserts that his claim presents four causes of action against Marilyn Piper including one based on fraud and fraudulent misrepresentation.
A peremptory exception raising an objection of no cause of action tests legal sufficiency of the petition and is triable on the face of the pleadings. All well pleaded allegations of fact are accepted as true and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Patterson v. Livingston Bank, 509 So.2d 6, 8 (La.App. 1st Cir.1987).
*702 A cause of action for intentional fraudulent misrepresentation as to present or past facts exists in Louisiana. Capital Bank & Trust Company v. Wall, 448 So.2d 225, 227 (La.App. 1st Cir.1984); Bunkie Bank & Trust Company v. Johnston, 385 So.2d 1264, 1266 (La.App. 3rd Cir.1980). A party who is injured by fraud and deceit of another has a cause of action for damages. Deville v. Leonards, 457 So.2d 311, 313 (La. App. 3rd Cir.1984). Where fraud is alleged as the basis for relief, all persons who participated in the alleged fraud and those who are beneficiaries are proper parties to the suit. LSA-C.C. Art. 2324; Dohm v. O'Keefe, 458 So.2d 964, 965 (La.App. 4th Cir.1984), writ denied, 460 So.2d 1046 (La. 1984). In Boisdore v. Bridgeman, 502 So. 2d 1149, 1155 (La.App. 4th Cir.1987), this court found an attorney's secretary liable for assisting the attorney based upon her knowing participation in various aspects of the attorney's scheme to defraud a client, including her signing a collateral mortgage note.
In his petitions Pittman asserts that Marilyn Piper had the intent to defraud by issuing her check for the express purpose of inducing Pittman to release his repairman's lien. By stopping payment on her check, Marilyn Piper caused Pittman to lose payment of the repair bills. She is a proper party to the suit as plaintiff avers that she participated in the alleged fraud.

RIGHT OF ACTION
The exception of no right of action, LSA-C.C.P. Art. 927(5), raises the questions of whether the plaintiff has any interest in judicially enforcing the right asserted and whether he has the capacity to bring the action. Dohm v. O'Keefe, supra, 458 So.2d at 965. Article 681 of the Louisiana Code of Civil Procedure provides that "except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." We find that plaintiff, as payee on the check, clearly has an interest in seeking to enforce his asserted claim that he has been defrauded by Marilyn Piper.

VAGUENESS
Marilyn Piper presented her exception of vagueness based on the claim that there are no facts showing privity of contract or consideration on the part of Marilyn Piper. She avers that Pittman's petitions show no connection with her except for alleging that she issued her check for "the express purpose of inducing the plaintiff to release his repairman's lien." Stating that her only contact with Pittman is her $400.00 check, Marilyn Piper questions Pittman's claim for additional damages for inconvenience, mental anguish, loss on his lien and attorney's fees.
An action for an alleged fraudulent activity may be based on breach of contract or in tort. Haggerty v. March, 480 So.2d 1064, 1067 (La.App. 5th Cir.1985); Bunkie Bank & Trust Company v. Johnston, supra, 385 So.2d at 1266. If an action for fraud or duress is viewed as a suit for breach of contract, plaintiff is limited to actual pecuniary damages actually proven. But if an action is viewed as a suit in tort, plaintiff may also recover non-pecuniary damages. Haggerty v. March, supra, 480 So.2d at 1068.
Legal fraud requires both intent to defraud or gain unfair advantage as well as actual or probable damages to the plaintiff. LSA-C.C. Art. 1953; Home Indemnity Company, Inc. v. Boe, 499 So.2d 1301, 1302 (La.App. 4th Cir.1986). Circumstances constituting fraud must be pleaded with particularity but fraud may be proven by operation of presumptions. Lone Star Industries, Inc. v. American Chemical, Inc., 461 So.2d 1063, 1067 (La.App. 4th Cir.1984); cert. denied, 465 So.2d 738 (La.1985); stay granted, 473 So.2d 57 (La.1985); writ granted, 474 So.2d 941 (La.1985); jmt. aff'd, 480 So.2d 730 (La.1986).
Based on fraud or fraudulent misrepresentation as a viable claim in tort, it is unnecessary to establish the contract issues of privity, consideration and breach of contract. This court finds no basis for an exception of vagueness as plaintiff has adequately and properly set forth a claim of fraud and fraudulent misrepresentation.
*703 For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded for further proceedings not inconsistent with the views herein expressed. Costs of the appeal are assessed against appellee, Marilyn S. Piper.
REVERSED AND REMANDED.